**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER, <br><br> Defendants. | Case No. 1:22-cv-10658-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF MIKE MARGENT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Mike Margent ("Margent") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing Margent as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Margent's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired by Sunlight Financial Holdings Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight" or the "Company") securities between January 25, 2021 and September 28, 2022, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Margent believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Margent satisfies the relevant requirements of Rule 23 as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Margent respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Margent's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[1]

Sunlight claims to be a business-to-business-to-consumer point-of-sale ("POS") financing platform that provides residential solar and home improvement contractors the ability to offer seamless POS financing to their customers when purchasing residential solar systems or other home improvements. The Company claims the resulting loans are facilitated by Sunlight's proprietary technology platform, Orange® ("Orange®" or the "Platform"), through which Sunlight offers instant credit decisions to homeowners at the POS on behalf of Sunlight's various capital providers.

Sunlight became a publicly traded company in July 2021 via the business combination of Spartan Acquisition Corp. II, a publicly traded special purpose acquisition company, with Sunlight Financial LLC ("Legacy Sunlight") (the "Business Combination").

The complaint filed in this action alleges that throughout the Class Period the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (1) that the Company lacked effective underwriting and risk evaluation with respect to its contractor advance program; (2) that Sunlight lacked the oversight and periodic monitoring systems necessary to timely detect bad debt associated with its contractor advance program; (3) that the Company lacked effective internal controls over accounting and reporting of non-cash advance receivables; (4) that, as a result, the Company would be forced to take a non-cash advance receivables impairment charge

---

[1] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

exceeding $30 million; and (5) that, as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On September 28, 2022, after the market closed, Sunlight disclosed that it would record a "non-cash advance receivables impairment charge of $30 million to $33 million during the Company's fiscal quarter ending September 30, 2022." The Company explained that "the Company was informed of certain actions taken by one of its installer partners to address liquidity issues faced by the installer" which "would likely result in an inability of the Company to collect on advances outstanding to such installer."

The same day, the Company also issued a press release withdrawing its full-year 2022 outlook due to the "installer liquidity event." Defendant Matthew Potere was quoted stating, "While our risk exposure with other contractor advances is much smaller (the next three largest partner advances being $10 million, $7 million, and $5 million respectively), we are re-underwriting all contractor partners' advances to further mitigate risk going forward."

On this news, the Company's stock price fell $1.44 per share, or 57.1%, to close at $1.08 per share on September 29, 2022, thereby injuring investors.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Margent and members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Margent Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later

of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Margent satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Margent has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Margent is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Margent respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

4

### 1.    Margent Filed a Timely Motion

Margent has made a timely motion in response to a PSLRA notice. On December 16, 2022, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh in Support of Mike Margent's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linkh Decl."), Ex. A. Therefore, Margent had sixty days (*i.e.*, until February 14, 2023) to file a motion to be appointed as lead plaintiff. As a purchaser of Sunlight securities during the Class Period, Margent is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Margent attests that it has reviewed the complaint and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Margent satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Margent Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Margent believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Margent suffered substantial financial losses of approximately $99,959.24. *See* Linkh Decl., Ex. C. To the best of his knowledge, Margent is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Margent believes he has the "largest

financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Margent Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Bishins v. CleanSpark, Inc.*, No. 21-cv-511, 2021 WL 5741574, at *2 (S.D.N.Y. Dec. 2, 2021). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Margent's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Dixon v. Bemis Co., Inc.*, 2020 WL

7212082, at *3 (S.D.N.Y. Mar. 10, 2020). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Margent's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Margent alleges that Defendants' material misstatements and omissions concerning Sunlight's business, operations, and financial prospects violated the federal securities laws. Margent, like all members of the class, purchased Sunlight securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Margent's interests and claims are "typical" of the interests and claims of the class.

### b)      Margent Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Margent has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Margent is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Margent is well-equipped to represent the class. Accordingly, Margent should be appointed as lead plaintiff.

### B.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Margent has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay &

7

Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Margent respectfully requests that the Court grant his Motion and enter an Order (1) appointing Margent as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: February 14, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

8

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Counsel for Mike Margent and Proposed Lead
Counsel for the Class*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 14, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 14, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh