## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>    v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | Case No. 1:22-cv-10658 |

## MEMORANDUM OF LAW IN SUPPORT OF JANA KEATON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................................... 3

ARGUMENT ......................................................................................................................................... 4

I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 4

        A.      The PSLRA Standard for Appointing Lead Plaintiff ............................................. 5

        B.      Movant Is The "Most Adequate Plaintiff" ............................................................. 6

                1.      Movant's Motion Is Timely ........................................................................ 6

                2.      Movant Has A Substantial Financial Interest ............................................ 6

                3.      Movant Satisfies Rule 23's Typicality And Adequacy Requirements ........ 7

                        a.      Movant's Claims Are Typical Of Those Of The Class ................... 8

                        b.      Movant Satisfies the Adequacy Requirement of Rule 23 .............. 8

II.     MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 9

CONCLUSION .................................................................................................................................... 10

# TABLE OF AUTHORITIES

Cases                                                                                                          Page(s)

*Denny v. Canaan, Inc.*,
  Case No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ............................... 7

*Faig v. Bioscrip, Inc.*,
  Case No. 13-cv-06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) .......................... 8

*In re Bear Stearns Cos., Inc. Sec., Deriv., &ERISA Litig.*,
  Case No. 08 MDL 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) .............................. 8

*In re Braskem, S.A. Sec. Litig.*,
  Case No. 15-cv-5132 PAE, 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015) ............................... 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................ 9-10

*In re Elan Corp. Sec. Litig.*,
  Case No. 08-cv-08761(AKH), 2009 WL 1321167 (S.D.N.Y. May 11, 2009) .......................... 8

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................................. 7

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................... 7

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
  Case No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) .......................... 7

*Kemp v. Universal Am. Fin. Corp.*,
  Case No. 05-cv-9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ............................. 6-7

*Kux-Kardos v. VimpelCom, Ltd.*,
  151 F. Supp. 3d 471 (S.D.N.Y. 2016) ...................................................................................... 7

*Lax v. First Merchs. Acceptance Corp.*, Case,
  No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................. 7

*Martingano v. Am. Int'l Grp., Inc.*,
  Case No. 06-cv-1625(JG) (JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) .................... 6

*Micholle v. Ophthotech Corp.*,
  Case No. 17-cv-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) .......................... 6, 8

*Randall v. Fifth St. Fin. Corp.*,
  Case No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ............................... 7

ii

*Tan v. NIO, Inc.*,
  Case No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) .................. 7

*Villare v. ABIOMED, Inc.*,
  Case No. 19-cv-7319 (ER), 2020 WL 3497285 (S.D.N.Y. June 29, 2020) ................................ 7

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  Case No. 10-cv-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................. 7

Statutes

15 U.S.C. § 78u-4
  (a)(1) ................................................................................................................................. 5
  (a)(3)(A)(i) .................................................................................................................... 5, 6
  (a)(3)(A)(i)(II) ................................................................................................................. 9
  (a)(3)(B) ....................................................................................................................... 1, 5
  (a)(3)(B)(i) .................................................................................................................... 1, 5
  (a)(3)(B)(iii) ................................................................................................................. 6, 7
  (a)(3)(B)(iii)(I) ............................................................................................................. 2, 6
  (a)(3)(B)(iii)(II) ........................................................................................................... 6, 9
  (a)(3)(B)(v) ............................................................................................................... 2, 9-10

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .......................... 10

Proposed Lead Plaintiff Jana Keaton[1] ("Movant") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for an Order: (i) appointing Movant as Lead Plaintiff on behalf of a proposed class consisting of all persons and entities other than Defendants who purchased or otherwise acquired Sunlight Financial Holdings Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight" or the "Company) securities during the period January 25, 2021 through September 28, 2022, inclusive (the "Class Period"); (ii) approving Movant's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movant respectfully submits that she should be appointed Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired Sunlight securities between January 25, 2021 and September 28, 2022, inclusive, and who were damaged thereby (the "Class").[2] The above-captioned action alleges violations of Sections 10(b) and 20(a) of the Exchange Act against Sunlight and certain of its directors and officers (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class and whether such

---

[1] Movant purchased shares under the name Jana Heaton, but she is presently in the process of changing her name from Jana Heaton to Jana Keaton after recently getting married.

[2] A copy of Movant's Certification pursuant to the PSLRA is attached as Exhibit ("Ex.") 1 to the Declaration of Ira M. Press ("Press Decl."), submitted concurrently herewith. All exhibit references are to the Press Decl.

1

movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movant respectfully submits that she is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movant has a substantial financial interest in this litigation. Movant purchased 3,044.948 shares of Sunlight common stock during the Class Period, with a total Class Period expenditure of approximately $14,999.99, and suffered total Class Period investment losses of approximately $10,784.70 on a last-in-first-out ("LIFO") basis for claims arising under the Exchange Act. *See* Ex. 3. Movant has the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws. *See* Section I.B.2, *infra*.

Further, Movant satisfies the typicality and adequacy requirements of Rule 23 in that: (i) Movant's claims arise from the same course of events as those of the other Class members, (ii) Movant relies on similar legal theories to prove Defendants' liability, and (iii) Movant has retained experienced counsel and is committed to vigorously prosecuting the claims. *See* Sections I.B.3 and II, *infra*.

Finally, pursuant to the PSLRA, Movant respectfully requests that the Court approve her selection of Kirby McInerney as Lead Counsel for the proposed Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Proposed Lead Counsel has decades worth of experience representing investors in shareholder litigation and securities class actions and has the expertise and resources necessary to handle this complex litigation. *See* Section II, *infra*.

Accordingly, Movant respectfully requests that the Court appoint her as Lead Plaintiff for

2

the proposed Class and approve her selection of Lead Counsel.

## FACTUAL BACKGROUND

Sunlight is a business-to-business-to-consumer point-of-sale financing platform focused on providing residential solar and home improvement contractors the ability to offer point-of-sale financing to their customers when purchasing residential solar systems or other home improvement services. The Company claims the resulting loans are facilitated by its proprietary technology platform,  Orange®, through which Sunlight offers instant credit decisions to homeowners at the point-of-sale on behalf of its capital providers.

The complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements and/or omissions concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked effective underwriting and risk evaluation with respect to its contractor advance program; (2) that Sunlight lacked the oversight and periodic monitoring systems necessary to timely detect bad debt associated with its contractor advance program; (3) that the Company lacked effective internal controls over accounting and reporting of non-cash advance receivables; and (4) that, as a result, the Company would be forced to take a non-cash advance receivables impairment charge exceeding $30 million.

The Class Period commences on January 25, 2021, when Sunlight issued a press release titled, "Sunlight Financial LLC, a Premier Residential Solar Financing Platform, to List on NYSE Through Merger With Apollo-Affiliated Spartan Acquisition Corp. II." In the press release, the Company announced an agreement between Sunlight and Spartan Acquisition Corp. II ("Spartan") to combine their businesses and register Sunlight as a publicly listed company. In the press release, Sunlight stated, in relevant part, that it offered instant credit decisions and affordable solar loans to homeowners, touting its underwriting, "strongest-performing" loans,

3

and "robust" risk management.   Defendant Matthew Potere, the Company's Chief Executive Officer from July 2021 through September 2022 stated, "we provide advance funding" and that "[w]e structure these advances such that they're low risk to Sunlight, but provide significant benefit to our contractors."   Further, the Company stated in its registration statement with the Securities Exchange Commission ("SEC") that it "has advanced approximately $527 million to contractors in its network since inception" but "Sunlight has only experienced approximately $0.4 million in losses on those advances."   Additionally, the Company repeatedly outlined its risk factors regarding advances, and reiterated that Sunlight's "disclosure controls and procedures were effective" in its numerous quarterly filings with the SEC.

The truth began to emerge on September 28, 2022, after the market closed.  Sunlight filed a Current Report on Form 8-K with the SEC which disclosed that Sunlight was going to take a "non-cash advance receivables impairment charge of $30 million to $33 million during the Company's fiscal quarter ending September 30, 2022" after being informed of "certain actions taken by one of its installer partners to address liquidity issues faced by the installer," which "would likely result in an inability of the Company to collect on advances outstanding to" the installer partner.  On the same day, Sunlight issued a press release withdrawing its full-year 2022 outlook due to the disclosure.  Defendant Potere was quoted stating that "[w]hile our risk exposure with other contractor advances is much smaller (the next three largest partner advances being $10 million, $7 million, and $5 million respectively), we are re-underwriting all contractor partners' advances to further mitigate risk going forward."  Following this news, the price of Sunlight's common stock declined $1.44 per share, or 57.1% to close at $1.08 per share on September 29, 2022.

## ARGUMENT

## I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant respectfully submits that she should be appointed Lead Plaintiff because she filed the instant Motion in a timely manner, has a substantial—if not the largest—financial interest in this litigation under the Exchange Act claims, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the movant who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and

adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, Case No. 17-cv-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, Case No. 06-cv-1625 (JG) (JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movant is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Movant Is The "Most Adequate Plaintiff"

#### 1. Movant's Motion Is Timely

Movant has timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire* on December 16, 2022. *See* Ex. 2. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before February 14, 2023. Movant filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2. Movant Has A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, Case No. 05-cv-9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[3]

---

[3] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, Case No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y.

Movant has suffered a loss of approximately $10,784.70 on a LIFO basis for claims arising under the Exchange Act.  *See* Ex. 3; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, Case No. 10-cv-01405 (SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").  Movant purchased 3,044,948 Sunlight shares during the Class Period and spent $14,999.99 on that investment.  As Movant did not sell any of her Sunlight shares during the Class Period, her net Class Period purchase was of $3,044,948 shares, and her net Class Period expenditure was $14,999.99.  *See* Ex. 3.  Accordingly, Movant has a substantial financial interest in the outcome of the litigation and is presumptively the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, Case No. 15-cv-7759 (LAK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.      Movant Satisfies Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23."  *Tan v. NIO, Inc.*, Case No. 19-cv-1424 (NGG)(VMS), 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, Case No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016).  At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016).  Here, Movant satisfies both requirements.

---

2008) (citation omitted) (internal quotations marks omitted); *see also Villare v. ABIOMED, Inc.*, Case No. 19-cv-7319 (ER), 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020) ("[o]f these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant.") (quoting *In re Braskem, S.A. Sec. Litig.*, Case No. 15-cv-5132 (PAE), 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015) (collecting cases)).

### a.   Movant's Claims Are Typical Of Those Of The Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, Case No. 13-cv-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that, in violation of federal securities laws, Defendants falsely portrayed in public statements that the Company had sufficient underwriting, risk evaluation, and monitoring systems in place with respect to its contractor advance program and has effective internal controls over the accounting and reporting of non-cash advance receivables, which caused the Company's shares to trade at artificially inflated prices. Because Movant's claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

### b.   Movant Satisfies the Adequacy Requirement of Rule 23

In addition, Movant satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District assess a movant's adequacy based on the following: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, Case No. 08-cv-08761 (AKH), 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (quoting *In re Bear Stearns Cos., Inc. Sec., Deriv., & ERISA Litig.*, Case No. 08 MDL 1963 (RWS), 2008 WL 106237, at *30 (S.D.N.Y. Jan. 5, 2009)).

Here, Movant will fairly and adequately represent the interests of the proposed Class. Movant has resources and motivation sufficient to pursue this action to a successful conclusion. Moreover, Movant is committed to pursuing the best recovery possible for herself and all other Class members. *See id*. Movant incurred substantial losses and thus is highly motivated to maximize any recovery. Movant also has selected and retained experienced counsel, Kirby McInerney as proposed Lead Counsel, which has an extensive record of prosecuting securities class actions vigorously and efficiently. *See* Section II, *infra*. Movant has timely submitted her choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movant's interests and those of the absent Class members. Rather, they are aligned. Movant, a resident of Brooklyn, New York, works as an advertising copywriter and has a bachelor's degree in film studies. Movant has been investing in the financial markets for approximately eight (8) years and has invested in dozens of stocks. Like all other Class members, Movant suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient and identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movant is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movant satisfies the adequacy requirement.

Thus, Movant clearly satisfies the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Sunlight investors here.

## II. MOVANT'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movant has selected the law firm of Kirby McInerney to serve as Lead Counsel. Kirby McInerney has over seventy (70) years of experience representing investors in connection with securities litigation. The firm's efforts on behalf of shareholders in securities litigation have resulted in recoveries totaling billions of dollars. *See* Ex. 4.

In light of the foregoing, by approving Movant's selection of the law firm of Kirby McInerney as Lead Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order of the following: (i) appointing Movant as Lead Plaintiff on behalf of a class of all persons and entities who purchased or otherwise acquired Sunlight securities during the Class Period; (ii) approving Movant's selection of the law firm of Kirby McInerney as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: February 14, 2023                    Respectfully submitted,

**KIRBY McINERNEY LLP**

/s/ *Ira M. Press*
Ira M. Press
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, York 10177

10

Telephone: (212) 371-6600
Email: ipress@kmllp.com
           telrod@kmllp.com

*Counsel for Lead Plaintiff Movant Jana Keaton and
Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Ira M. Press*

Ira M. Press
