UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | Case No.  1:22-cv-10658-AKH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ELIZABETH TORRES
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.      TORRES SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 4

        A.      Torres Is Willing to Serve as Class Representative ................................. 5

        B.      Torres Has the "Largest Financial Interest" in the Action ...................... 5

        C.      Torres Otherwise Satisfies the Requirements of Rule 23 ....................... 6

        D.      Torres Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........................................................................ 9

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB),
  2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018)...............................................................................7

*Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN),
  2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................................................................6

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
  2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)..............................................................................8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................................8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)........................................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)................................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ...................................................................................................9

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................................6

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
  2008 WL 2811358 (S.D.N.Y. July 7, 2008) ..............................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................7

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ...............................................................................................7

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .............................................................................5, 6

*Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN),
        2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ...............................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
        229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................6

## **Statutes**

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .................................................1, 5, 9

## **Rules**

Fed. R. Civ. P. 23.................................................................................................... *passim*

Elizabeth Torres ("Torres") respectfully submits this memorandum of law in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Torres as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Sunlight Financial Holdings Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight" or the "Company") securities between January 25, 2021 and September 28, 2022, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Sunlight investors, including Torres, incurred significant losses following the disclosure of the alleged fraud, which caused Sunlight's share price to fall sharply, damaging Torres and other Sunlight investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Torres purchased 1,000 shares of Sunlight stock, expended $16,000 on her purchases, retained 1,000 of her shares of Sunlight stock, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $14,616 in connection with her purchases of Sunlight stock. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") 1. Accordingly, Torres believes that she has the largest financial interest in the relief sought in the Action.

1

Beyond her considerable financial interest, Torres also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Torres has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Torres respectfully requests that the Court enter an order appointing her as Lead Plaintiff for the Class and approving her selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Sunlight claims to be a business-to-business-to-consumer point-of-sale ("POS") financing platform that provides residential solar and home improvement contractors the ability to offer seamless POS financing to their customers when purchasing residential solar systems or other home improvements. The Company claims the resulting loans are facilitated by Sunlight's proprietary technology platform, Orange®, through which Sunlight offers instant credit decisions to homeowners at the POS on behalf of Sunlight's various capital providers.

Sunlight became a publicly traded company in July 2021 via the business combination of Spartan Acquisition Corp. II, a publicly traded special purpose acquisition company, with Sunlight Financial LLC.

2

On September 28, 2022, after the market closed, Sunlight disclosed that it would record a "non-cash advance receivables impairment charge of $30 million to $33 million during the Company's fiscal quarter ending September 30, 2022." The Company explained that "the Company was informed of certain actions taken by one of its installer partners to address liquidity issues faced by the installer" which "would likely result in an inability of the Company to collect on advances outstanding to such installer."

The same day, the Company also issued a press release withdrawing its full-year 2022 outlook due to the "installer liquidity event." Defendant Matthew Potere was quoted stating, "While our risk exposure with other contractor advances is much smaller (the next three largest partner advances being $10 million, $7 million, and $5 million respectively), *we are re-underwriting all contractor partners' advances to further mitigate risk going forward*." (Emphasis added.)

On this news, the Company's stock price fell $1.44 per share, or 57.1%, to close at $1.08 per share on September 29, 2022, thereby injuring investors.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company lacked effective underwriting and risk evaluation with respect to its contractor advance program; (2) that Sunlight lacked the oversight and periodic monitoring systems necessary to timely detect bad debt associated with its contractor advance program; (3) that the Company lacked effective internal controls over accounting and reporting of non-cash advance receivables; (4) that, as a result, the Company would be forced to take a non-cash advance receivables impairment charge exceeding $30 million; and (5) that, as a result of the foregoing, Defendant's positive

3

statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff in the Action and other Class members have suffered significant losses and damages.

ARGUMENT

I.      TORRES SHOULD BE APPOINTED LEAD PLAINTIFF

Torres should be appointed Lead Plaintiff because, to her knowledge, she has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

4

As set forth below, Torres satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.      Torres Is Willing to Serve as Class Representative

On December 16, 2022, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Sunlight securities that they had until February 14, 2023—*i.e.*, 60 days from the date of the PSLRA Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. 2.

Torres has filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that she is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. 3.  Accordingly, Torres satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.      Torres Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Torres has the largest financial interest of any Sunlight investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with

other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Torres: (1) purchased 1,000 shares of Sunlight stock; (2) expended $16,000 on her purchases of Sunlight stock; (3) retained 1,000 of her shares of Sunlight stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $14,616 in connection with her Class Period purchases of Sunlight stock. *See* Lieberman Decl., Ex. 1. To the extent that Torres possesses the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.      Torres Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at \*3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at \*3 ("[C]ourts need only consider the typicality and adequacy requirements."). Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Torres.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at \*5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Torres's claims are typical of those of the Class.  Torres alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Sunlight.  Torres, as did all Class members, purchased Sunlight securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Sunlight's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Torres has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits her choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Torres's interests and the interests of the Class.  Moreover, Torres has submitted a signed Certification declaring her commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. 3), and the significant losses incurred by Torres demonstrate that she has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating her adequacy, Torres has submitted a Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. 4.

> D.    Torres Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Torres as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or

> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Torres's ability and desire to fairly and adequately represent the Class has been discussed above.  Torres is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class.  Accordingly, Torres should be appointed Lead Plaintiff for the Class.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Torres has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. 5. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, England, and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Torres's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Torres's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Torres respectfully requests that the Court issue an Order: (1) appointing Torres as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

10

Dated:  February 14, 2023

Respectfully submitted,

POMERANTZ LLP

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Elizabeth Torres and Proposed Lead
Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Elizabeth Torres*