UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>       v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>                Defendants. | Case No.  1:22-cv-10658-AKH |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF ELIZABETH
TORRES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS

Movant Torres[1] respectfully submits this memorandum of law: (i) in further support of her motion for appointment as Lead Plaintiff (Dkt. No. 17); and (ii) in opposition to the competing motions of Matthew Millunchick ("Millunchick") (Dkt. No. 8) and Mike Margent ("Margent") (Dkt. No. 9).[2]

## PRELIMINARY STATEMENT

The PSLRA governs the process for appointment of a Lead Plaintiff in this litigation and instructs the Court to appoint as Lead Plaintiff the movant with the greatest financial interest in the relief sought by the Class; and who satisfies the requirements of Rule 23.  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

The Complaint in this Action defines the "Class" in this litigation as consisting of "persons and entities that purchased or otherwise acquired Sunlight securities between January 25, 2021 and September 28, 2022, inclusive".  Dkt. No. 1 ¶ 1.  Defendant Sunlight was formed via the merger of Spartan Acquisition Corp. II ("Spartan II"), a publicly traded SPAC, with Sunlight Financial LLC ("Legacy Sunlight"), which occurred some six months after the start of the Class Period, in July 2021.  *Id.* ¶ 3.  Accordingly, the Class in this litigation effectively consists of at least two groups of investors: (1) investors who acquired Spartan II shares prior to the July 2021 Business Combination (the "Pre-Combination Class"); and (2) investors who acquired Sunlight shares after the Business Combination (the "Post-Combination Class").

The table below sets forth the respective financial interests of the competing movants, as well as which of the two groups comprising the Class each movant qualifies as a member of, given the timing of their respective stock acquisitions:

---

[1] All capitalized terms herein are defined in Torres's moving brief, unless otherwise indicated.  *See* Dkt. No. 19.

[2] Initially another putative Class member, Jana Keaton ("Keaton"), filed a similar motion.  Dkt. No. 14.  On February 28, 2023, Keaton filed a notice stating her non-opposition to the competing motions.  Dkt. No. 22.

| Movant | Shares Purchased | Loss | Pre-Combination? | Post-Combination? |
|---|---|---|---|---|
| Millunchick | 20,804 | $165,788 | No | Yes |
| Margent | 25,616 | $99,959 | No | Yes |
| Torres | 1,000 | $14,616 | Yes | No |

As the table reflects, Torres's investments do not qualify her as a member of the Post-Combination Class, and Torres thus takes no position on the appointment of Lead Plaintiff for the Post-Combination Class.

With respect to the Pre-Combination Class, Torres respectfully submits that she plainly satisfies the criteria for appointment as Lead Plaintiff. First, of the three movants seeking leadership roles in this litigation, only Torres purchased Spartan II stock prior to the Business Combination (1,000 shares) and sustained losses on those pre-Business Combination investments as a result of the Defendants' malfeasance ($14,616). *See* Dkt. No. 20-1. The other two movants—Millunchick and Margent—have claimed losses only in connection with purchases of Sunlight shares *after* the Business Combination, each having purchased *zero* shares of Spartan II stock prior to the Business Combination. Thus, by default, Torres possesses the largest financial interest in the relief sought by the Pre-Combination Class. Moreover, given that Torres held Spartan II shares as of the close of business on June 2, 2021 (the "Record Date") and was eligible to vote on the Business Combination at the Spartan II's July 8, 2021 special meeting (the "Special Meeting"), Torres—alone among the movants—has standing to allege violations of Section 14(a) of the Exchange Act in an Amended Complaint against the Defendants.

Second, in addition to her significant financial interest, Torres also satisfies the typicality and adequacy requirements of Rule 23. First, Torres's claims satisfy the typicality requirement of Rule 23(a)(3) because her claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Pre-Combination Class's claims. *See, e.g., In*

*re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008). Second, Torres is also adequate to represent the Pre-Combination Class under Rule 23. Torres's significant investment losses in connection with acquisitions of Spartan II stock prior to the Business Combination gives her a sufficient stake in this litigation's outcome to ensure vigorous prosecution on behalf of the Pre-Combination Class members; Torres is aware of no conflict between her interests and those of the putative Class; and in Pomerantz, Torres has retained qualified and experienced class counsel. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Torres has further demonstrated her adequacy by the submission of a Declaration with her initial motion papers, attesting to, *inter alia*, her understanding of the responsibilities of a Lead Plaintiff, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of fellow Class members. *See generally* Dkt. No. 20-4.

Accordingly, for the reasons set forth herein, Torres respectfully requests that the Court enter an Order appointing her as Lead Plaintiff on behalf of the Pre-Combination Class and approving Torres's selection of Pomerantz as Lead Counsel for the Pre-Combination Class.

## ARGUMENT

### I. APPOINTMENT OF SEPARATE LEAD PLAINTIFFS FOR THE PRE-COMBINATION AND POST-COMBINATION CLASSES IS WARRANTED

As a threshold matter, Torres respectfully submits that appointment of separate leadership for the two groups comprising the Class in this litigation is warranted. The Post-Combination Class's claims encompass a significantly broader swathe of investors—*i.e.*, all those who purchased Sunlight shares on the open market during the 14 months between the July 2021 Business Combination and the end of the Class Period in September 2022—and will seek to prove, *inter alia*, that, after shares of the combined company began trading, the Defendants deceived Sunlight investors with respect to the Company's contractor advance program, the efficacy of its

3

oversight and periodic reporting systems, the efficacy of its internal controls over accounting and reporting, and the likelihood of any impairment charges. *See* Dkt. No. 1 ¶¶ 1, 3-6. By contrast, the Pre-Combination Class consists of a smaller group of investors—that is, only those who purchased *Spartan II* shares during the approximately five-month-period between the start of the Class Period in January 2021 and the July 2021 Business Combination. *See id.* ¶¶ 1, 3, 21. Unlike the Post-Combination Class members, the focus of the Pre-Combination Class members' claims will necessarily be whether the Defendants deceived *Spartan II* shareholders with respect to, *inter alia*, the merits of the Business Combination with Legacy Sunlight and the extent of Spartan II's due diligence efforts in connection with the Business Combination. *See id.* ¶ 21.

Moreover, unlike the Post-Combination Class, members of the Pre-Combination Class have standing to allege violations of Section 14(a) in an Amended Complaint—*i.e.*, Class members who held *Spartan II* shares as of the June 2, 2021 Record Date and were eligible to vote on the Business Combination at the Spartan II's July 8, 2021 Special Meeting[3] have standing to pursue claims for damages due to false and misleading statements in the proxy for Spartan II's Business Combination with Legacy Sunlight, that they were denied the opportunity to make an informed decision in voting on the Business Combination, thus did not receive their fair share of the value of the assets and business of the combined entity, suffered damages when the Company's stock price decreased post-Business Combination, and were prevented from benefiting from a value-maximizing transaction. Moreover, unlike a Section 10(b) claim, a defendant's scienter is not an element of a Section 14(a) claim. Accordingly, the availability of Section 14(a) claims to the Pre-Combination Class provides another avenue by which these investors may be able to obtain redress in the event that they are unable to prevail on Section 10(b) claims. These investors should not be

---

[3] *See* https://www.sec.gov/Archives/edgar/data/1821850/000121390021033027/ea142855ex99-1_spartanacq2.htm.

deprived of an otherwise available claim simply by the appointment of a Class representative who lacks standing to bring it. Where such significant differences exist between different class members' claims, class leadership in securities class actions commonly include separate representatives for each claim. *See*, *e.g.*, *Burbige v. ATI Physical Therapy, Inc.*, 1:21-cv-4349 (N.D. Ill. Aug. 16, 2021), Dkt. No. 58 ¶¶ 26-28 (in consolidated amended complaint, different class representatives respectively alleging Section 10(b) and Section 14(a) claims); *Edwards v. McDermott International, Inc.*, 4:18-cv-4330 (S.D. Tex. Nov. 15, 2018), Dkt. No. 84 (appointing different lead plaintiffs for "all claims related to Section 10(b) of the Securities Exchange Act" and "all claims related to Section 14(a) of the Securities Exchange Act."). Per-Merger Class members will plainly be prejudiced if the Court appoints only a single Lead Plaintiff who lacks standing to pursue Section 14(a) claims on their behalf.

## II.    TORRES SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE PRE-COMBINATION CLASS

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the adequacy and typicality requirements of Rule 23. *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative for the Pre-Combination Class is Torres.

A.    **Torres has the Largest Financial Interest with Respect to Claims of Pre-Combination Class Members**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, the Pre-Combination Class consists of investor who purchased Spartan II shares prior to the Business Combination and incurred losses on those purchases as a result of the Defendants' malfeasance. Torres purchased 1,000 shares of Spartan II stock prior to the Business Combination and incurred losses of $14,616. *See* Dkt. No. 20-1. In addition, having held all 1,000 of those shares as of the Record Date for the Business Combination, and having been eligible to vote at the Special Meeting, Torres has standing to bring a Section 14(a) claim against the Defendants in an Amended Complaint. No other movant purchased *any* Spartan II shares prior to the Business Combination. Rather, the other two movants—Millunchick and Margent—have only claimed financial interests in this litigation to the extent that they incurred losses on their purchases of Sunlight shares *after* the Business Combination—that is, the relief sought by the Post-Combination Class. Accordingly, these two movants would have no incentive to pursue recovery of losses caused by false and/or misleading statements that occurred prior to the Business Combination. Likewise, having never purchased Spartan II shares, they clearly would not have held any such shares as of the Record Date nor been eligible to vote on the Business Combination at the Special Meeting, and thus lack standing to assert a Section 14(a) claim in an Amended Complaint. Accordingly, as the only movant who even qualifies as a member of the Pre-Combination Class, Torres, among the movants, by default has the largest financial interest in the relief sought by the Pre-Combination Class.

### B.    Torres Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Pre-Combination Class, Torres has also made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23 with respect to the Pre-Combination Class. *Aude*, 2018 WL 1634872, at *3. First, Torres's claims satisfy the typicality requirement of Rule 23(a)(3) because her claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Pre-Combination Class's claims. *See, e.g.*, *Orion*, 2008 WL 2811358, at *5. Torres, like all members of the Pre-Combination Class, purchased Spartan II shares between the start of the Class Period on January 25, 2021 and the consummation of the Business Combination in July 2021. Like all Pre-Combination Class members, Torres was a Spartan II shareholder who was misled by the Defendants' false and misleading statements regarding, *inter alia*, the merits of the Business Combination and Spartan II's due diligence efforts in connection therewith. *See* Dkt. No. 1 ¶ 21. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Pre-Combination Class's claims, satisfy the requirements of Rule 23. *Id.* Second, Torres satisfies the adequacy requirement of Rule 23(a)(4) because she has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Transocean*, 272 F.R.D. at 131. Torres has further demonstrated her adequacy by the submission, with her motion papers, of a sworn Declaration, attesting to, *inter alia*, her understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of fellow Class members. *See* Dkt. No. 20-4.

By contrast, while taking no position on the adequacy or typicality of the competing movants (Millunchick and Margent), to serve as Lead Plaintiffs for the Post-Combination Class,

Torres respectfully submits that, under Rule 23, either of these two movants would be an atypical and inadequate representative for the Pre-Combination Class. Neither Millunchick nor Margent has attested to having acquired any Spartan II shares prior to the Business Combination, let alone having incurred any losses in connection with such purchases. Moreover, as neither of them held Spartan II shares as of the Record Date for the Business Combination, they would obviously lack standing to bring Section 14(a) claims on behalf of the Pre-Combination Class in an Amended Complaint. Accordingly, the two competing movants' claims do ***not*** rise out of the same events and course of conduct as the Pre-Combination Class members' claims, and their lack of any financial interest in the relief sought by the Pre-Combination Class makes them ill-suited to vigorously advocated on behalf of the Pre-Combination Class.

### C.    Torres's Selection of Counsel Should Be Approved.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Torres has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 20-5. Thus, the Court may be assured that by approving Torres's selection of counsel, the members of the Class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Torres respectfully requests that the Court issue an Order: (1) appointing Torres as Lead Plaintiff for the Pre-Combination Class; and (2) approving Pomerantz as Lead Counsel for the Pre-Combination Class.

Dated:  February 28, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Elizabeth Torres and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Elizabeth Torres*