**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | **CASE No.: 1:22-cv-10658-AKH**<br><br>**MEMORANDUM OF LAW OF MATTHEW MILLUNCHICK IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**CLASS ACTION** |

1

Lead Plaintiff Movant Matthew Millunchick ("Millunchick" or "Movant") respectfully submits this opposition to the pending competing lead plaintiff motions. Dkt. No. 9 and 17. Preliminarily, as a result of an inadvertent clerical error, Millunchick's losses were **understated**. While Movant has the largest interest based on his initial submission, his true losses are $237,605.78--- as reflected in the amended certification and loss chart filed herewith as Ex. 1. [1]

## BACKGROUND

Three motions are before the Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers of the securities of Sunlight Financial Holdings Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight" or the "Company") between January 25, 2021 and September 28, 2022, both dates inclusive (the "Class Period"). [2]

Movant has the largest financial interest—whether it based on his incomplete original submission----$165,787.78, or his complete submission filed herewith--- $237,605.78. Competing movants have considerably smaller losses: Mike Margent $99,959.24 (Dkt. No. 12-3); and Elizabeth Torres $14,616 (Dkt. No. 20-1).

Because Movant has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Movant is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] Inadvertent errors such as this that understate losses are not material to adequacy or typicality. *E.g., In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) (at class certification, "Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties.") (citing *In re IPO Sec. Litig.*, 227 F.R.D. 65, 98 (S.D.N.Y. 2004)).
[2] Jana Keaton filed a non-opposition on February 28, 2023. Dkt. No. 22.

**ARGUMENT**

**I.      MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA provides that there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Millunchick suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Millunchick has the largest loss and thus, the greatest financial interest of the movants:

| Movant(s) | Loss | |
|---|---|---|
| 1. Matthew Millunchick | $237,605.78 | |
| 2. Mike Margent | $99,959.24 | Dkt. No. 11-4 |
| 3. Elizabeth Torres | $14,616 | Dkt. No. 8-2 |

Moreover, as set forth in Movant's opening papers, Movant has made a *prima facie* showing of his adequacy and typicality. Millunchick submitted a certification attesting to its

3

willingness to serve as lead plaintiff. Dkt. No. 13-2. Millunchick's claims are also typical of other class members because its claims arise from the same legal theories and same nucleus of fact. Millunchick's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' misconduct. There are no conflicts of interest between Millunchick and absent class members. *See* Dkt. No 13 at 6.

In short, because Millunchick has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, it is the presumptive lead plaintiff. As such, Millunchick should be appointed lead plaintiff and its selection of Lead Counsel should be approved.

## II.   THE PRESUMPTION IN FAVOR OF MATTHEW MILLUNCHICK HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Millunchick to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Millunchick. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff—here Millunchick—will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative

comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Millunchick has the largest financial interest and has made a *prima facie* demonstration of its typicality and adequacy, and no movant has rebutted the presumption with proof, Millunchick must be appointed Lead Plaintiff.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Millunchick has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 13-4. Indeed, the Firm is one of the preeminent securities class action law firms in the country. The Firm has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of

settlements—12.[3] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[4]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.      COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Millunchick has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## CONCLUSION

For the foregoing reasons, Millunchick's motion should be granted in its entirety and competing motions should be denied.

Dated: February 28, 2023                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/ Phillip Kim
                                            Phillip Kim, Esq. (PK 9384)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 40th Floor
                                            New York, New York 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: pkim@rosenlegal.com
                                            Email: lrosen@rosenlegal.com

---

[3] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[4] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

8