**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | Case No. 1:22-cv-10658-AKH |

**MIKE MARGENT'S RESPONSE TO THE COMPETING MOTION FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant Mike Margent ("Margent") submits this memorandum of law in response to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 8, 14, 17).

## I.  PROCEDURAL HISTORY AND STANDARD

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). The motions were filed by Margent (Dkt. No. 9); Matthew Millunchick ("Millunchick") (Dkt. No. 8); Elizabeth Torres ("Torres") (Dkt. No. 17); and Jana Keaton ("Keaton") (Dkt. No. 14). Keaton has since filed a notice informing the Court that she does not oppose the competing lead plaintiff motions. *See* Dkt. No. 22. As such, only Margent, Millunchick, and Torres are still seeking appointment as lead plaintiff.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption transfers to the movant with the next largest financial interest, until a suitable lead plaintiff is identified.

## II.  MARGENT SHOULD BE APPOINTED AS LEAD PLAINTIFF IF MILLUNCHICK IS DISQUALIFIED

Here, Millunchick appears to have the largest financial interest, as measured by the movants' respective last in, first out (LIFO) losses:

1

| Movant | LIFO Loss |
|---|---|
| Matthew Millunchick | $165,780.40 |
| Mike Margent | $99,959.24 |
| Elizabeth Torres | $14,615.65 |
| ~~Jana Keaton~~ | ~~$10,784.70~~ |

However, Margent has the second largest loss. As such, if the Court determines that Millunchick is inadequate, subject to unique defenses, or otherwise cannot represent the class in this action, the most adequate plaintiff presumption should move to Margent. Since Margent also satisfies the relevant requirements of Rule 23, as demonstrated in his opening memorandum (Dkt. No. 11), and no movant can rebut the presumption, Margent should be appointed as lead plaintiff if Millunchick is disqualified.

## III.    IF THE COURT ESTABLISHES A PRE-COMBINATION CLASS, MARGENT SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THAT CLASS

Torres argues in her opposition memorandum that the Court should create two classes in this action: a "Pre-Combination Class" consisting of investors that purchased shares before the July 2021 business combination of Spartan Acquisition Corp. II and Sunlight Financial LLC, and a "Post Combination Class." *See* Dkt. No. 23 ("Torres Opp.") at 3-5. Torres also points out that only a subset of Pre-Combination Class investors who held shares as of June 2, 2021, were eligible to vote on the business combination, and therefore only they have standing to assert claims under Section 14(a) of the Securities Exchange Act of 1934. *See* Torres Opp. at 4. Torres concludes that she should be appointed as lead plaintiff of the Pre-Combination Class because she purchased shares in that period and has standing to pursue the Section 14(a) claim. *See* Torres Opp. 5.

However, if the Court creates a Pre-Combination Class, Margent should be appointed as the lead plaintiff for that class because he has a larger financial interest than Torres with respect to the Pre-Combination Class. Margent purchased more shares than Torres prior to July 2021,

2

and suffered a larger loss than Torres on those purchases. Specifically, Margent purchased a total of 1,750 shares in January and February 2021. *See* Dkt. No. 12-3. Torres only purchased 1,000 shares. *See* Dkt. No. 20-1. Margent lost more than $20,000 on his pre-July 2021 purchases, whereas Torres only lost $14,616. *Id.* Additionally, since Margent purchased his 1,750 shares in January and February 2021, he has standing to assert a Section 14(a) claim. As such, if the Court creates a Pre-Combination Class to represent early purchasers and Section 14(a) claimants, Margent would be the presumptively most adequate plaintiff for that class. Moreover, since the presumption has not been rebutted, Margent should be appointed as lead plaintiff of the Pre-Combination class.

## IV.   CONCLUSION

For the foregoing reasons, Margent should be appointed as lead plaintiff if Millunchick is disqualified. Additionally, if the Court creates a Pre-Combination Class, Margent should be appointed as lead plaintiff for that class.

Respectfully submitted,

DATED: February 28, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Counsel for Mike Margent and Proposed Lead
Counsel for the Class*

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 28, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 28, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh