**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a/ SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODEN <br><br> Defendants. | **CASE No.: 1:22-cv-10658-AKH** <br><br> **REPLY MEMORANDUM OF LAW OF MATTHEW MILLUNCHICK IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br> **CLASS ACTION** |

1

## INTRODUCTION

Lead Plaintiff Movant Matthew Millunchick ("Movant" or "Millunchick") respectfully submits this Reply in Further Support of his Lead Plaintiff Motion. Dkt. No. 8.

Millunchick lost over $237,605.78. Dkt. No. 24-1. Only one other movant opposes—albeit partially[1]—Elizabeth Torres ("Torres") who claims substantially smaller losses of $14,616. *Compare* Dkt. No. 24-1 *with* Dkt. No. 20-1.

Millunchick, therefore, has the largest financial interest. Millunchick has made a *prima facie* showing of adequacy and typicality (Dkt. No. 13, 13-2) and is thus the presumptive Lead Plaintiff under the PSLRA. 15 U.S.C. § 78u–4(a)(3)(B).

Millunchick, as a result of an inadvertent clerical error, previously understated his losses. Dkt. No. 24 at 2. However, even before Millunchick's losses were revealed to be approximately $237,605, they were over *eleven times* greater than Torres'. *Compare* Dkt. No. 13-3 *with* Dkt. No. 20-1. Inadvertent errors such as these, especially that understate losses, are not material to adequacy or typicality. *E.g., In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8 (S.D.N.Y. Jan. 24, 2012) (at class certification, "Courts routinely reject criticisms based on errors in

---

[1] On February 28, 2023, Jana Keaton filed a notice of non-opposition to the competing motions for appointment as lead plaintiff noting that "Based upon a review of the competing motions filed by, *inter alia*, Matthew Millunchick ("Millunchick"), seeking appointment as lead plaintiff (ECF No. 8), it appears that, … [Jana Keaton] does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA. See 15 U.S.C. § 78u4(a)(3)(B)(iii)(I). Compare ECF No. 13-3 (reflecting Millunchick's $165,787.78 reported loss) with ECF No. 16-3 (reflecting Keaton's $10,784.70 reported loss)." Dkt. No. 22 at 2. Also on February 28, 2023, Mike Margent ("Margent") filed a "Response" to the competing motions, noting that "Millunchick appears to have the largest financial interest, as measured by the movants' respective last in, first out (LIFO) losses" and arguing that Margent should be appointed lead plaintiff if Millunchick is not. Dkt. No. 25 at 2-3. Margent raised no concern or argument in opposition to Millunchick's motion. *Id*. Even Torres does not oppose Millunchick's appointment for her so-called "Post-Combination Class". Dkt. No. 23 at 3. *See Marquez v. Bright Health Grp., Inc.*, 2022 WL 1314812, at *1 (E.D.N.Y. Apr. 26, 2022) (denying as moot lead plaintiff motions whose movants later filed notices of non-opposition to competing motions).

2

certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties.") (citing *In re IPO Sec. Litig.*, 227 F.R.D. 65, 98 (S.D.N.Y. 2004)).

Lead plaintiffs can provide amended certifications and loss figures. *Hansen v. Ferrellgas Partners, L.P.*, 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017) ("the Court would be extremely reluctant to impose a rule that would force lead plaintiff movants to choose between leaving mistakes in their filings uncorrected or correcting the mistake and being summarily disqualified. In any event, the Court finds [Mr. Milluchick's] correction of his certification to fall well short of 'proof' that [he] "will not fairly and adequately protect the interests of the class.") (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *see also Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014) ("The goal of the PSLRA was not to select individuals for lead plaintiff who make no mistakes—rather it was to promote a client-driven rather than lawyer-driven process[.]"); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) (appointing movant Poppe Group with largest loss, "[w]hen any alleged errors are rectified, the Poppe Group's losses total $226,000. [] This amount still exceeds the $200,000 in losses proffered by the Massachusetts Group.") (internal citations omitted)).

Courts do not reject Lead Plaintiff movants solely based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties. *See e.g., In re Spero Therapeutics, Inc. Sec. Litig.*, 2022 WL 4329471, at *8 (E.D.N.Y. Sept. 19, 2022) ("'[c]ourts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or the parties.'") (citing cases); *In re FirstPlus Fin. Grp., Inc., Sec. Litig.*, 2002 WL 31415951, at *7 (N.D. Tex. Oct. 28, 2002) (appointing class representative who "submitted inaccurate stock certifications and testified inaccurately about his FirstPlus transactions, omitting some purchases and sales" as "the

3

inaccuracies in the information Doremus supplied about his FirstPlus acquisitions were likely unintentional."); *In re Spero Therapeutics, Inc.*, 2022 WL 4329471, at *9 ("[Millunchick's] mistakes do not prejudice any party to this litigation … Nor is there any evidence of bad faith or an intent to deceive on the part of [Millunchick's counsel], as [Millunchick] readily identified and admitted his mistakes in [his] subsequent submissions ….").

Further, speculation and innuendo are insufficient to rebut the Lead Plaintiff presumption. *See Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption.") (citing *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012)); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("There is absolutely no proof … and we decline [Torres's] invitation to use our imagination.").

Torres, in her opposition, attempts to save her lead plaintiff prospects by conjuring up a new class in this case due to the SPAC merger (the "Business Combination") which occurred during the Class Period. Dkt. No. 23 at 2. Then, with this new class she *did not* mention in her opening briefing (Dkt. Nos. 17 and 19), Torres argues, without citing *any* Second Circuit authority, that Millunchick is inadequate to be lead plaintiff for a class period prior to the SPAC merger because he lacks standing to bring a Section 14(a) claim. *See* Dkt. No. 23 at 2-6.

It is black letter law that a Lead Plaintiff is not required to have standing to pursue every claim. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("***because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim***") (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) (emphasis added)); *see also Parot v. Clarivate Plc*, 2022 WL

4

1568735, at \*6 (E.D.N.Y. May 18, 2022) ("the Pension Trust Fund has demonstrated typicality despite its lack of standing to bring Securities Act claims … ***The PSLRA requires courts to appoint the movant with the largest financial stake in the outcome, rather than the party with standing to sue on all claims.***"). (emphasis added). Further, there is no claim brought under Section 14(a) in the complaint, nor one contemplated by Torres in her opening briefing. *See* Dkt. Nos. 1, 17, and 19. If Torres sought to prosecute such a claim, she could have filed a complaint or at least noted it in her opening papers. Indeed, it is clear that her claimed standing concerns and conjuring of a separate class, first raised in opposition, are merely a ploy for some appointment as lead plaintiff with her selected counsel as lead counsel.

In any event, in an amended complaint Millunchick would add named plaintiffs with standing to bring a Section 14(a) claim.

In short, it is undisputed that Millunchick has the largest financial interest. He has made a prima facie showing of adequacy and typicality and this is the presumptive Lead Plaintiff. Because competing movants have not rebutted the presumption in favor of Millunchick with proof of inadequacy or atypicality, Millunchick should be appointed Lead Plaintiff and his selection of The Rosen Law Firm, P.A. should be approved.

### I.      Millunchick is the Presumptive Lead Plaintiff

Under the PSLRA, the presumptive Lead Plaintiff is the movant with the largest loss that makes a *prima facie* showing of adequacy and typicality. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

It is undisputed that Millunchick has the largest loss, $237,605[2] versus $14,616. Dkt. Nos. 24-1 and 20-1. Thus, Millunchick has the largest financial interest. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

Millunchick has made the requisite *prima facie* showing of adequacy and typicality. Dkt. No. 13. Millunchick works as a private real estate investor in Hawaii. *Id* at 7. Further, Millunchick has approximately 14 years of investing experience. He also holds a bachelor's degree in Management from San Francisco State University.

Therefore, Millunchick has met the "low burden"[3] of demonstrating his adequacy and typicality and is the presumptive Lead Plaintiff. *See Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *4 (S.D.N.Y. Dec. 17, 2019) (*prima facie* burden met by retaining counsel that is "qualified, experienced, and generally able to conduct the litigation in question," having a "sufficient interest" in the lawsuit large enough to "ensure vigorous advocacy," and presenting no evidence of "claims that conflict with the class").

## II.    Torres Failed to Rebut the Lead Plaintiff Presumption in Favor of Millunchick

Once the Lead Plaintiff presumption attaches, as it does here with Millunchick, the process turns adversarial, where competing movants have the opportunity to rebut the presumption with proof of inadequacy and atypicality. *In re Cendant Corp.*, 264 F.3d at 264 ("The first subsection (the one that deals with triggering the lead plaintiff presumption) requires that a movant 'otherwise satisf[y]' Rule 23, but the second (which covers rebutting it) requires

---

[2] Even with Millunchick's originally submitted loss of $165,788, Millunchick's claimed loss was 1,000% greater than Torres'. *Compare* Dkt. No. 13-3 *with* Dkt. No. 20-1.

[3] This is necessarily a low burden, as it "would make little sense" if a movant was required to "'prove' that it satisfied Rule 23 in order to get the benefit of the Lead Plaintiff presumption, because that would create a situation in which the only way to rebut the presumption would be to 'disprove' something that the presumptively most adequate plaintiff had already 'proved.'" *See In re Cendant Corp. Litig.*, 264 F.3d at 264.

'proof' that the presumptively most adequate plaintiff does not."); *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2021 WL 148752, at *8 ("While presumptive lead plaintiffs may be rejected on the basis of risks of unique defenses, such risks must be supported by proof and rise above the level of mere speculation.").

Speculation and innuendo are insufficient to rebut the Lead Plaintiff presumption. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("[Torres] must produce more than speculation to rebut the presumption. The PSLRA is clear that the presumption is rebutted 'only upon proof' that the presumptive lead plaintiff is inadequate and subject to unique defenses.") (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

Here, Torres, in her opposition, advances two meritless assertions: (1) that there must be two classes—one for those who bought prior to the Business Combination, and another for those who bought afterwards; and (2) that Millunchick is not an appropriate Lead Plaintiff for the purported pre-merger class because he does not have standing on *all* claims. These assertions are without merit.

**A. There is No Requirement for Two Classes, and None Was Outlined in the Initial Complaint or Briefing**

In her opposition, Torres states, "the Class in this litigation effectively consists of at least two groups of investors: (1) investors who acquired Spartan II shares prior to the July 21 Business Combination (the "Pre-Combination Class"); and (2) investors who acquired Sunlight shares after the Business Combination (the "Post-Combination Class")." Dkt. 23 at 2. Without citing controlling caselaw (*Id.*), Torres makes this argument even though the initial complaint makes no distinction between those investors who brought prior to the Business Combination, and those who purchased after. Dkt. No. 1.

Tellingly, Torres did not make this argument in her Memorandum of Law in Support of her Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Torres Initial Brief"). Rather, the Torres Initial Brief supported a motion "appointing Torres as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants … that purchased or otherwise acquired Sunlight Financial Holdings Inc. f/k/a Spartan Acquisition Corp. II ('Sunlight' or the 'Company') securities between January 25, 2021 and September 28, 2022, both dates inclusive …." Dkt. 19 at 1; *see also* Dkt. No. 17.

Torres also argued in the Torres Initial Brief that she should be appointed Lead Plaintiff for a class that did not distinguish between those investors who bought prior to or after the Business Combination. *Id.* at 4.

Only once it was clear that she did not have the largest financial interest, and in a blatant attempt to run around the PSLRA and Second Circuit caselaw, Torres argued she should be the lead plaintiff for a separate "Pre-Business Combination" class. *Compare* Dkt. Nos. 17 and 19 *with* Dkt. No. 23.

**B. Lead Plaintiffs Are Not Required to Have Standing to Pursue Every Possible Claim**

Preliminarily, it is uncontested that Millunchick has standing for the Section 10(a) and Rule 10b-5 claim and the Section 20(a) claim outlined in the initial complaint. That he may lack standing for *a potential* Section 14(a) claim is a nonissue. As the Second Circuit explained, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi*, 366 F.3d at 82 (citing *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. at 123).

8

Torres cites two out of circuit court documents for the proposition that a Lead Plaintiff must have standing to pursue all claims—however, these documents are not on point, not binding on this Court, and this argument is contrary to *Hevesi*. Specifically, she cites *Burbige v. ATI Physical Therapy, Inc.*, 1:21-cv-4349 (N.D. Ill. Aug. 16, 2021), Dkt. No 58 ¶¶ 26-28 (a consolidated amended complaint, the appointed Lead Plaintiffs added a "Consolidated" Plaintiff to cover Section 14(a) claims) and *Edwards v. McDermott International, Inc.*, 4:18-cv-4330 (S.D. Tex. Nov. 15, 2018), Dkt. No. 84 (order connected to consolidating a case with claims under Section 10(b) and a separate case with claims under Section 14(a), and alleged potential conflicts with regards to those claims, that court appointed different lead plaintiffs for different those different claims).

Neither of these cases are applicable here. First, *Burbige* does not stand for the proposition that courts appoint separate lead plaintiffs for separate claims. Indeed, in that case, the court appointed Co-Lead Plaintiffs (*Burbige*, 1:21-cv-4349, Dkt. No. 40), who then added a "Consolidated" Plaintiff (essentially a named plaintiff) to cover the Section 14(a) claim, which Millunchick can do here. *Burbige*, 1:21-cv-4349, Dkt. No. 58.

Second, in *Edwards* instead of waiting until the lead plaintiff motion opposition stage to create a potential issue as Torres did here, there were separate complaints filed with separate claims which were actively pursued throughout the lead plaintiff briefing. *See Edwards*, 4:18-cv-4330, Dkt. Nos. 1 ¶¶ 1, 46-60; 68; 84; *The Public Employees' Retirement System of Mississippi v. McDermott International, Inc.*, 4:18-cv-4330, Dkt. No. 1 at ¶¶ 1, 71-91. Further, both lead plaintiffs in that case were institutional investors. *Edwards*, 4:18-cv-4330, Dkt. No. 84.

Torres unavailingly argues, without any caselaw support, that "Per-Merger [*sic*] Class

members will plainly be prejudiced if the Court appoints only a single Lead Plaintiff who lacks standing to pursue Section 14(a) claims on their behalf." This is without merit. As *Hevesi* held, "[the] PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Hevesi,* supra, at 83. Even if Millunchick lacks standing to pursue a Section 14(a) claim, Millunchick can add named plaintiffs[4] to address this alleged issue.

## CONCLUSION

For the foregoing reasons, Millunchick's motion should be granted in its entirety and the competing motions should be denied.

Dated: March 7, 2023                                    Respectfully submitted,

                                                        **THE ROSEN LAW FIRM, P.A.**

                                                        /s/ Phillip Kim
                                                        Phillip Kim, Esq. (PK 9384)
                                                        Laurence M. Rosen, Esq. (LR 5733)
                                                        275 Madison Avenue, 40th Floor
                                                        New York, New York 10016
                                                        Telephone: (212) 686-1060
                                                        Fax: (212) 202-3827
                                                        Email: pkim@rosenlegal.com
                                                        Email: lrosen@rosenlegal.com

                                                        *[Proposed] Lead Counsel for Lead Plaintiff*
                                                        *and Class*

---

[4] Investors with standing to bring a Section 14(a) claim have reached out to Millunchick's counsel who can be added as named plaintiffs to ensure secure standing on all claims.

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11