UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | Case No.  1:22-cv-10658-AKH |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ELIZABETH TORRES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Movant Torres[1] respectfully submits this reply memorandum of law in further support of her motion for appointment as Lead Plaintiff (Dkt. No. 17); and (ii) in opposition to the competing motions of Millunchick (Dkt. No. 8) and Margent (Dkt. No. 9).

## PRELIMINARY STATEMENT

As set forth below, Torres respectfully submits that she is the only movant qualified to represent the interests of the Pre-Combination Class in this litigation.  Among the three movants, only Torres has articulated an understanding of the distinctions between the two groups of investors, unambiguously asserted that the separate leadership is warranted for the Pre-Combination and Post-Combination Class and stated her readiness to serve as Lead Plaintiff for the Pre-Combination Class.  Margent, by contrast, has not even acknowledged the distinctions between Pre-Combination and Post-Combination Class members or the necessity of separate leadership for the two groups—but still claims, in a conclusory fashion, to be the movant best suited lead the Pre-Combination Class, *if* the Court chooses to appoint separate leadership.  *See* Dkt. No. 25 at 2-3.  Millunchick, for his part, has not even addressed the distinction between Pre-Combination and Post-Combination investors at all—but in any event is disqualified from appointment as a Class representative by virtue of the significant errors in his motion papers, which he first acknowledged in his opposition brief (Dkt. No. 24).

---

[1] All capitalized terms herein are defined in Torres's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 19, 23.

**ARGUMENT**

I.   **NEITHER MARGENT NOR MILLUNCHICK IS QUALIFIED TO REPRESENT THE PRE-COMBINATION CLASS**

A.   **Margent Has Not Demonstrated a Commitment to the Interests of the Pre-Combination Class**

Margent, in his opposition brief, asserts that "*if* the Court creates a Pre-Combination Class, Margent should be appointed as the lead plaintiff for the class because he has a larger financial interest than Torres with respect to the Pre-Combination Class." Dkt. No. 25 at 2 (emphasis added). Margent claims to have purchased a total of 1,750 shares during the Pre-Combination Class Period, compared to the 1,000 shares that Torres purchased, and also asserts that he has standing to bring a Section 14(a) claim. *Id.* at 2-3.

Torres respectfully submits that the statements in Margent's opposition brief do not evince a genuine commitment to the interests of Pre-Combination Class members. Unlike Torres, Margent has not even unconditionally acknowledged the need for separate leadership for the Pre-Combination and Post-Combination Classes. *See id.* at 2 ("*if* the Court creates a Pre-Combination Class . . .") (emphasis added); *id* at 3 (same). The fact that Margent has not even endorsed the recognition of a Pre-Combination Class does not bespeak a readiness to vigorously advocate for its members' interests. Relatedly, Margent's opposition brief devotes a scant two paragraphs to his purported qualifications to represent the Pre-Combination Class, and, moreover, indicates that Margent would not have addressed the issue at all had Torres not raised it in her own opposition brief. *See id.* at 2 (acknowledging review of Torres's opposition arguments prior to the filing of Margent's opposition brief). Finally, Margent's Certification (Dkt. No. 12-2) wholly disregards the distinction between the Spartan II shares that he purchased Pre-Combination, which traded under the ticker symbol "SPRQ", and the Sunlight shares that he purchased Post-Combination, which traded under the ticker symbol "SUNL". Rather, Margent's Certification incorrectly

designates all of his purchases with reference to the ticker symbol "SUNL," despite the fact that *no* shares traded under that ticker symbol until after the July 2021 Merger. *See id.* at \*3.  Margent's failure to acknowledge the difference should not give the Court confidence that he recognizes that Spartan II and Sunlight investors purchased different equities during meaningfully distinct portions of the Class Period, and that their respective claims against the Defendants will thus involve proving different allegations.  In sum, Margent simply has not demonstrated a genuine readiness to advocate for the interests of Pre-Combination Class members in this litigation.

> **B.**    **Errors in Millunchick's Submissions Render Him Inadequate to Serve as a Class Representative**

Nor is Millunchick qualified to serve as Lead Plaintiff for the Pre-Combination Class. First, as of the time of this submission, Millunchick has not even acknowledged a distinction between the Pre-Combination and Post-Combination Classes, let alone argued that he is capable of representing the interests of the Pre-Combination Class.  More significantly, Millunchick is inadequate to serve as a Class representative because his motion papers contained significant errors, including an inaccurate Certification signed under penalty of perjury and a claimed loss that Millunchick subsequently acknowledged was misstated by approximately $71,818.  Courts routinely disqualify lead plaintiff movants for such egregious errors in their submissions, as they raise legitimate questions about the movant's fitness to supervise a complex securities case. *See*, *e.g.*, *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at \*6, \*9 (S.D.N.Y. Nov. 12, 2021) ("The slovenliness of [movant]'s submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative" and disqualifying said movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414

(E.D. Pa. 2019) (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 WL 2683636, at *7, *8 n.8 (D.N.J. Sept. 6, 2007) (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *5-*6 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing).

Here, the Amended Certification submitted by Millunchick (Dkt. No. 24-1) attests to Millunchick having made additional purchases of Sunlight and/or Spartan II securities during the Class Period that he failed to disclose, under penalty of perjury, in his initial Certification (Dkt. No. 13-2). These errors in the original Certification had the effect of misstating Millunchick's loss by a total of $71,818, or roughly 43%. In response, Millunchick has casually dismissed these glaring errors as merely "clerical" and irrelevant to his adequacy to serve as Lead Plaintiff. Dkt. No. 24 at 1 n.1. Yet "[m]inor or not . . . the[se] errors 'nonetheless speak[] to a level of carelessness' that rightly calls into doubt [Millunchick]'s adequacy to be lead plaintiff." *Rodriguez*, 2021 WL 5282006, at *9 (quoting *Plaut v. Goldman Sachs Grp.*, Inc., No. 18 Civ. 12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019)).

## CONCLUSION

For the foregoing reasons, Torres respectfully requests that the Court issue an Order: (1) appointing Torres as Lead Plaintiff for the Pre-Combination Class; and (2) approving Pomerantz as Lead Counsel for the Pre-Combination Class.

Dated:  March 7, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Elizabeth Torres and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Elizabeth Torres*

5