**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHIE FUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNLIGHT FINANCIAL HOLDINGS INC. f/k/a SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, MATTHEW POTERE, JAMES CROSSEN, BARRY EDINBURG, and RODNEY YODER,<br><br>Defendants. | Case No. 1:22-cv-10658-AKH |

**MIKE MARGENT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>LEAD COUNSEL</u>**

Lead Plaintiff Movant Mike Margent ("Margent") submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 9), and in response to the competing movants, Matthew Millunchick ("Millunchick"), and Elizabeth Torres ("Torres").

## I.    ARGUMENT

### A.    Margent Should Be Appointed as Lead Plaintiff if Millunchick Is Not Appointed

No movant contests the fact that Margent has the second largest financial interest, as measured by the movants' respective last in, first out (LIFO) losses, behind only Millunchick:

| Movant | LIFO Loss |
|---|---|
| Matthew Millunchick | $165,780.40 |
| Mike Margent | $99,959.24 |
| Elizabeth Torres | $14,615.65 |
| ~~Jana Keaton~~ | ~~$10,784.70~~ |

Accordingly, Millunchick is the presumptively most adequate plaintiff. However, if the presumption is rebutted, or if Millunchick is otherwise disqualified from consideration for appointment as lead plaintiff, the presumption moves to Margent. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008) (the court "must repeat the Rule 23 inquiry, this time considering the plaintiff with the next-largest financial stake" until "it finds a plaintiff who is willing to serve and is able to satisfy the requirements of Rule 23"). Moreover, since the competing movants do not challenge Margent's adequacy to represent the class in their opposition memoranda (*see* Dkt. Nos. 23, 24), the presumption has not been rebutted. As such, Margent should be appointed as lead plaintiff if Millunchick is not.

1

**B.**     **If The Court Creates a Pre-Combination Class, Margent Should Be Appointed as Lead Plaintiff of the Pre-Combination Class**

As Margent argued in his opposition memorandum (*see* Dkt. No. 25, "Margent Opp."), if the Court creates a Pre-Combination Class, Margent should be appointed as lead plaintiff of the Pre-Combination Class because he has a larger financial interest than Torres in the Pre-Combination Class Period.

Torres initially argued in her opposition memorandum (Dkt. No. 23, "Torres Opp.") that she should be appointed as lead plaintiff of the Pre-Combination Class on the basis that she has the largest financial interest in the Pre-Combination Class, and because only she "has standing to bring a Section 14(a) claim against the Defendants in an Amended Complaint." *See* Torres Opp. at 6. However, as Margent pointed out, Torres is simply mistaken. *See* Margent Opp. at 2-3. Margent has Section 14(a) standing, purchased more shares than Torres in the Pre-Combination Class Period, 1,750 compared to 1,000, and consequently suffered a greater loss—$22,582 compared to $14,616. *See* Dkt. No. 12-3; Dkt. No. 20-1. As such, according to the standard Torres advanced in her opposition memorandum, which is the same standard set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), Margent should be appointed as lead plaintiff of the Pre-Combination Class.

In response to her error, Torres abandoned the PSLRA standard she advocated in her opposition memorandum to now argue on reply that she should be appointed as lead plaintiff of the Pre-Combination Class because Margent "has not [] unconditionally acknowledged the need for separate leadership for the Pre-Combination and Post-Combination Classes." *See* Dkt. No. 27 ("Torres Reply") at 2. Torres does not cite any legal authority, however, to support setting aside the PSLRA standard for selecting a lead plaintiff in favor of a new standard that compares the strength of the movants' respective advocacy for subclasses. No such authority exists. *See Wang*

2

*v. Athira Pharma, Inc.*, No. C21-861 TSZ, 2021 WL 4726458, at *4 (W.D. Wash. Oct. 5, 2021) (applying the PSLRA standard to select a lead plaintiff for a subclass).

Tacitly conceding that Margent is the presumptively most adequate plaintiff to be appointed as lead plaintiff for the Pre-Combination Class, Torres attempts to rebut the presumption by arguing that Margent does not "evince a genuine commitment to the interests of Pre-Combination Class members." Torres Reply at 2. This is baseless. Margent has a larger financial interest than Torres in the Pre-Combination claims, which is why the PSLRA favors him for appointment in the first place. Simply speculating that Margent would not advance claims in which he has a financial interest is not sufficient to rebut the presumption that Margent is the most adequate plaintiff to lead the Pre-Combination Class.

Torres lastly argues that Margent did not distinguish between "SUNL" shares and "SPRQ" shares and that Margent thereby failed to "recognize that Spartan II and Sunlight investors purchased different equities during meaningfully distinct portions of the Class Period." Torres Reply at 2-3. This attack also fails. Margent specifically acknowledged that Spartan II became Sunlight through the business combination in his opening memorandum. *See* Dkt. No. 11 at 2 ("Sunlight became a publicly traded company in July 2021 via the business combination of Spartan Acquisition Corp. II, a publicly traded special purpose acquisition company, with Sunlight Financial LLC."). Moreover, "SPRQ" shares were renamed "SUNL" as part of the business combination, so SUNL shares are SPRQ shares by a different name. As such, Torres has failed to rebut the presumption that Margent is the most adequate plaintiff to lead the Pre-Combination Class.

Accordingly, if the Court creates a Pre-Combination Class, Margent should be appointed as lead plaintiff of that class.

## II.    CONCLUSION

For the foregoing reasons, Margent should be appointed as lead plaintiff if Millunchick is disqualified. Additionally, if the Court creates a Pre-Combination Class, Margent should be appointed as lead plaintiff for that class.

Respectfully submitted,

DATED: March 7, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Counsel for Mike Margent and Proposed Lead Counsel for the Class*

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 7, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 7, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh