# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC,<br><br>Defendants. | Case No.: 1:22-cv-10658-AKH<br><br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS,  Lead Plaintiff Matthew Millunchick and named plaintiff Mike Margent ("Plaintiffs") and defendants Sunlight Financial Holdings, Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight"), Matthew Potere, Barry Edinburg, Rodney Yoder, Geoffrey Strong, James Crossen, Olivia Wassenaar, Wilson Handler, Christine Hommes, Joseph Romeo, and Spartan Acquisition Sponsor II LLC ("Defendants"), through their respective counsel of record, have entered into the Stipulation of Settlement, dated ~~July 9~~August 8, 2024 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Fung v. Sunlight Financial Holdings Inc., et al.*, Case No. 1:22-cv-10658-AKH (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating

1

thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the

Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of_____, 2024, that:

1.    Capitalized terms used and not defined herein have the meanings defined in the

Settlement Stipulation.

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for

the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action

on behalf of all persons and entities who: (a) purchased the publicly traded common stock of

Sunlight between January 25, 2021 and September 28, 2022, both dates inclusive, and/or (b)

beneficially owned and/or held the common stock of Spartan Acquisition Corp. II ("Spartan") as

of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.  Excluded

from the Settlement Class are: (a) Defendants and their families, the officers, directors and

affiliates of Defendants at all relevant times, members of their immediate families and their legal

representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a

controlling interest; (b) persons and entities who suffered no compensable losses; and (c) persons

and entities who submit valid requests for exclusion from the Settlement Class.

3.    This Court finds, preliminarily and for purposes of this Settlement only, that the

prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil

Procedure have been satisfied in that: (a) the number of Settlement Class Members is so

numerous that joinder of all members of the Settlement Class is impracticable; (b) there are

questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical

of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately

represent the interests of the Settlement Class; (e) questions of law and fact common to the

Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.　　Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.　　The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Fairness Hearing.

6.　　The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on ――,December 10, 2024– at 10――:00―― a–.m. for the following purposes:

(a)　　to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)　　to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)　　to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of Released Claims against the Released Parties,

as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Class Counsel for an award of attorneys' fees and expenses and a service award to the Class Representatives;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Fairness Hearing by Settlement Class Members (or by counsel on their behalf), provided that they gave proper notice that they intend to appear at the Settlement Fairness Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to: (a) hold the Settlement Fairness Hearing telephonically or by other virtual means; or (b) adjourn the Settlement Fairness Hearing to a later date; (c) approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind; and (d) enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves the form, substance and requirements of (a) the Long Notice, (b) the Postcard Notice, (c) the Summary Notice, and (d) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

4

9. Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.10. Within thirty (30) one hundred and twenty(120) calendar days after the later of (i) the entry of an Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payee information for the Escrow Account in a customary form and manner reasonably acceptable to Defendants (including the bank name, tax identification number, ABA routing number, contact information for an individual who can verify settlement payment instructions, and Form W-9), Defendants shall wire or pay, or cause to be wired or paid, by check or draft to the Escrow Account their respective portions—as set forth in the separate Supplemental Agreement between the Parties—of $1,750,000 (one million seven hundred fifty thousand dollars) of the Settlement Amount of three million five hundred thousand dollars ($3,500,000). Defendants shall pay or cause to be paid to the Escrow Account their respective portions of the remaining $1,750,000 (one million seven hundred fifty thousand dollars) of the Settlement Amount within seventy-five (75) calendar days of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Defendants' Counsel of (a) complete payment instructions in a customary form reasonably acceptable to Defendants, including the bank name, ABA routing number, and contact information for an individual who can verify settlement payment instructions and (b) a signed Form W-9 providing the tax identification number for the

Escrow Account.  , with at least one hundred seventy-five thousandmillion seven hundred fifty thousand dollars ($1,750,000) of the Settlement Amount to be wired or paid by check or draft within twenty-eight (28) calendar days after the later of (i) the entry of an Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payee information for the Escrow Account in a customary form and manner reasonably acceptable to Defendants (including the bank name, tax identification number, ABA routing number, contact information for an individual who can verify settlement payment instructions, and Form W-9).  Defendants shall pay or cause to be paid to the Escrow Account their full respective portions of the Settlement Amount prior to the Settlement Fairness Hearing.  For the avoidance of doubt, Defendants shall not be jointly and severally liable for the entire Settlement Amount.

12.11.  At any time after entry of this Order, the Lead Counsel may, without further approval from the Court or Defendants, disburse up to $175,000 from the Settlement Fund to pay reasonable and necessary Notice & Administration Costs prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice & Administration Costs without further Order of the Court.

13.12.  No later than ten (10) business days after entry of this Order, Sunlight shall provide or cause to be provided Sunlight's transfer records concerning the identity of Settlement Class Members, including any names, addresses, and email addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Class Information") to Class Counsel.  Sunlight shall provide or cause to be provided the Class Information at no cost to Plaintiffs or Plaintiffs' Counsel.  The Parties acknowledge that any information Sunlight provide or cause to be provided to Lead Counsel or the Claims Administrator pursuant to this paragraph

shall be used by Lead Counsel and/or the Claims Administrator solely to deliver the notice contemplated by this Order.

14.13.  Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, the Long Notice, and the Proof of Claim and Release Form to be posted on the Claims Administrator's website within thirty (30) calendar days after entry of this Order.

15.14.  Within thirty (30) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once over a national newswire service. Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

16.15.  Within thirty (30) calendar days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email links to the location of the Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses; or (b) cause the Postcard Notice, if no email address can be obtained, to be mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

17.16.  Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Sunlight common stock as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an

electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Proof of Claim to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Notice and Proof of Claim, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Proof of Claim electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.05 per name, mailing address and email address (to the extend available) provided to Claims Administrator; (ii) $0.05 per email for emailing notice; or (iii) $0.05 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

8

18.17.  Class Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

19.18.  The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.19.  In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim and Release Form, if submitted by mail, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, November 19, 2024 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing). Each Proof of Claim and Release Form, if submitted by mail, shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form

9

submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice. Proofs of Claim submitted electronically through the Claims Administrator's website in accordance with the Notice shall be deemed timely if submitted by 11:59 p.m. Eastern Time on November 19, 2024 , (twenty-one (21) calendar days prior to the Settlement Fairness Hearing). Such deadline may be further extended by the Court.

(b)     The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so

determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation.

21.20.  All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

22.21.  Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, November 19, 2024 (twenty-one (21) calendar days prior to the Settlement Fairness Hearing)

11

(the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion must:

(a)     clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Fung v. Sunlight Financial Holdings Inc., et al.*, Case No. 1:22-cv-10658-AKH."

(b)     state the number of shares of publicly-traded Sunlight common stock the Person seeking exclusion (i) owned as of the opening of trading on January 25, 2021, and (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction.

(c)     be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded Sunlight common stock during the Class Period and (ii) demonstrating the Person's status as a beneficial owner of those shares.

23.22.  Any request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

24.23.  The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties promptly as received, and in no case later than three calendar days after the Exclusion Deadline or upon the receipt thereof (if later than three calendar days after the

12

Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25.24.  Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than three (3) Business Days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

26.25.  All Persons who submit valid, timely and unrevoked request for exclusions will be forever barred from receiving any payments from the Net Settlement Fund.

27.26.  The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs such that it is received by each the following counsel at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing Date:

CLASS COUNSEL:
Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

DEFENDANTS' COUNSEL:
Jeffrey J. Chapman
Aaron F. Jaroff
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020

Jeffrey Crough
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900

Dallas, TX 75201

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Fairness

Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel

identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York,

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.  To

be valid, any such objection must : (1) state the Settlement Class Member's name, address, email

address (if any), and telephone number; (2) state and include documentation of the number of

shares of publicly-traded Sunlight common stock the Settlement Class Member (i) owned as of

the opening of trading on January 25, 2021, and (ii) purchased and/or sold during the Class

Period, including the number of shares, dates, and prices for each transaction; (3) state all

grounds for the objection, including any legal support known to the Settlement Class Member

and/or his, her, or its counsel; (4) state the name, address and telephone number of all counsel

who represent the Settlement Class Member, including former or current counsel who may be

entitled to compensation in connection with the objection; and (5) state the number of times the

Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action

settlement in the last five years, the nature of each such objection in each case, the jurisdiction in

each case, and the name of the issuer of the security or seller of the product or service at issue in

each case. Attendance at the Settlement Fairness Hearing is not necessary, but Persons wishing to

be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation,

and/or the Fee and Expense Application are required to indicate in their written objection (or in a

separate writing that is submitted and served on Class Counsel and Defendants' Counsel at

least ten (10) calendar days prior to the Settlement Fairness Hearing) that they intend to appear

14

at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

28.27.  Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

29.28.  The Court reserves the right to adjourn the Settlement Fairness Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

30.29.  All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Fairness Hearing.

31.30.  Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

32.31.  Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

15

33.32.  Pending final determination of whether the Settlement should be approved, all parties to the Settlement shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out or enforce the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

34.33.  All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

35.34.  Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representative or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representative of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

36.35.  In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order

16

of the Court) shall be null and void, of no further force or effect, and without prejudice to any

Party, and may not be introduced as evidence or used in any action or proceeding by any Person

against the Parties, and each Party shall be restored to his, her or its respective litigation positions

as they existed prior to April 29, 2024, pursuant to the terms of the Settlement Stipulation.

37.36.  The Court reserves the right to alter the time or the date of the Settlement Fairness

Hearing without further notice to Settlement Class Members, provided that the time or the date

of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date

set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all

further matters arising out of, or relating to, the Settlement Stipulation, including by way of

illustration and not limitation, any dispute concerning any Proof of Claim and Release Form

submitted and any future requests by one or more of the Parties that the Order and Final

Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be

enforced.


Dated: _____, 2024                    _____
                                          HON. ALVIN K. HELLERSTEIN
                                          UNITED STATES DISTRICT JUDGE