# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:22-cv-10658-AKH |
| Plaintiffs, | |
| -against- | CLASS ACTION |
| SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, | |
| Defendants. | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you: (a) purchased the publicly-traded common stock of Sunlight Financial Holdings, Inc. ("Sunlight") between January 25, 2021 and September 28, 2022, both dates inclusive (the "Class Period"); and/or (b) beneficially owned and/or held the common stock of Spartan Acquisition Corp. II ("Spartan") as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting, you could get a payment from a class action settlement (the "Settlement").

*A federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide three million five hundred thousand dollars ($3,500,000) (the "Settlement Fund") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased publicly-traded Sunlight common stock during the Class Period and/or held Spartan common stock as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.

- The Settlement represents an estimated average recovery of $0.14 per share of common stock for the 24.1 million shares of Sunlight common stock allegedly damaged during the Class Period. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate losses of all Settlement Class Members, the total number and amount of claims filed, when and the price at which their shares were purchased, whether the shares were sold, and if so, when they were sold and for how much.

1

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed 29% of the Settlement Fund, reimbursement of no more than $58,000 in litigation expenses, and a total case contribution award to Plaintiffs not to exceed $6,000. Lead Plaintiff will share a portion of the attorneys' fees awarded with Additional Counsel for Plaintiffs (the law firm of Glancy Prongay & Murray LLP). Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated not to exceed an average of $0.03 per share of common stock damaged during the Class Period. If approved by the Court, these amounts will be paid from the Settlement Fund. The Court will review the application for attorneys' fees, expenses, and award to Plaintiffs at the Settlement Fairness Hearing and determine the amounts that are reasonable and appropriate.

- The average approximate recovery, after deduction of attorneys' fees and expenses and award to Plaintiffs approved by the Court, is $0.11 per share of common stock damaged during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per share Settlement Class Members should expect. Each Settlement Class Member's actual recovery will depend on, among other factors, the aggregate losses of all Settlement Class Members, the total number and amount of claims filed, when and the price at which their shares were purchased, whether the shares were sold, and if so, when they were sold and for how much.

- The Settlement resolves Plaintiffs' allegations, brought under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, that Defendants made false and misleading statements concerning Sunlight's due diligence process for its contractor partners. Specifically, Plaintiffs alleged that Sunlight gave substantial amounts of cash advances to its contractor partners without conducting the type of due diligence that it claimed to conduct. Plaintiffs alleged that as a result, there was a heightened risk that one or more of Sunlight's contractor partners could default on Sunlight's cash advances, and alleged that this risk eventually transpired when one of Sunlight's largest contractor partners defaulted and went into bankruptcy. Defendants denied and continue to deny, among other things, the allegations that they misrepresented Sunlight's due diligence for its contractor partners, that Plaintiffs or the Settlement Class have suffered damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants believe Plaintiffs' allegations are without merit, and have denied and continue to deny all allegations of wrongdoing, fault, liability or damage.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to any recovery. Therefore, you should read this Notice carefully.

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than **November 19, 2024**. **This is the only way to get a payment.** | |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **November 19, 2024.** This is the only way you can ever be part of any other lawsuit against the Defendants or other Released Defendant Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. | |
| **Object** | Write to the Court no later than **November 19, 2024,** about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. | |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on **November 19, 2024**. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. | |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** | |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| **Claims Administrator** | or | **Lead Counsel** |
|---|---|---|
| Sunlight Financial Holdings, Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.: (866) 274-4004 Fax: (610) 565-7985 info@strategicclaims.net | | Yu Shi THE ROSEN LAW FIRM, P.A. 275 Madison Ave, 40th Floor New York, NY 10016 Tel: (212) 686-1060 Fax: (212) 202-3827 yshi@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated August 8, 2024 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.    Why did I get this Notice?**

You or someone in your family may have (a) purchased the publicly-traded common stock of Sunlight between January 25, 2021 and September 28, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the common stock of Spartan as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.

**2.    What is this lawsuit about?**

The case is known as *Fung v. Sunlight Financial Holdings Inc., et al.*, Case No. 1:22-cv-10658-AKH (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

The Action involves allegations that Defendants made false and misleading statements concerning Sunlight's due diligence process for its contractor partners, in violation of the federal securities laws. Specifically, Plaintiffs alleged that Sunlight gave substantial amounts of cash advances to its contractor partners without conducting the type of due diligence that it claimed to conduct. Plaintiffs alleged that as a result, there was a heightened risk that one or more of Sunlight's contractor partners could default on Sunlight's cash advances, and alleged that this risk eventually transpired when one of Sunlight's largest contractor partners defaulted and went into bankruptcy.

Defendants have denied and continue to deny all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and Defendants do not agree on the merits of Plaintiffs' allegations or the amount of damages, if any, that would be recoverable even if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include, among other

4

issues: (1) whether Defendants made any allegedly materially false or misleading statements; (2) whether Defendants acted knowingly, recklessly, or negligently in making the alleged misrepresentations; (3) the causes of the loss in the value of Sunlight common stock; and (4) the amount of damages, if any, that could be recovered at trial.

In light of the amount of the Settlement, the risks posed by continued litigation of the Action, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $3.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, possibly years in the future, as well as the risks associated with Sunlight's financial position.

**5.     How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities who: (a) purchased the publicly traded common stock of Sunlight between January 25, 2021 and September 28, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the common stock of Spartan as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.

There are certain exclusions from the Settlement Class; see Question 6 below.

**6.     Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (a) Defendants and their families, the officers, directors and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; and (b) persons and entities who suffered no compensable losses.

Also excluded from the Settlement Class are those Persons who submit valid and timely a request for exclusion as described below in the response to Question 11.

**7.     What if I am still not sure whether I am included?**

If you are still not sure after reading this Notice whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.     What does the Settlement provide?**

**a.      What is the Settlement Fund?**

The proposed Settlement provides for Defendants to pay or cause to be paid three million five hundred thousand dollars ($3,500,000) into a settlement fund (the "Settlement Fund") in accordance with an allocation agreed to by the Parties. The Settlement is subject to Court

approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notices and the costs of publishing notices. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Sunlight common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and awards to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator ("Authorized Claimants") pursuant to the terms of the Settlement Stipulation or by order of the Court in accordance with the Proposed Plan of Allocation below. The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of Defendants' alleged misrepresentations. The Proposed Plan of Allocation reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Sunlight common stock was artificially inflated during the Class Period, and that certain subsequent disclosures caused reductions in the inflated price of Sunlight common stock.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation will not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Sunlight/.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.

**Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds

6

in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then the Claims Administrator will report to the Court regarding the status of the remaining funds and whether an additional distribution is economically feasible. If an additional distribution is not economically feasible, Class Counsel will make a motion for a contribution of the remaining funds to a *cy pres* recipient to be approved by the Court.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS AMOUNTS

### Calculation of Recognized Loss Amounts for Settlement Class Members with 10(b) Claims

For shares of Sunlight common stock purchased between January 25, 2021 and September 28, 2022, both dates inclusive, the Recognized Loss Amount per share shall be calculated as follows:

   a. For each share of Sunlight common stock purchased during the Class Period that was subsequently sold during the Class Period, the Recognized Loss Amount per share is $0.

   b. For each share of Sunlight common stock purchased during the Class Period that was subsequently sold during the period September 29, 2022 through December 27, 2022, inclusive, the Recognized Loss Amount per share is *the lesser of*:

       i. $1.40 per share; or
       ii. the purchase price *minus* the average closing price on the date of sale as provided in **Table A** below.

   c. For each share of Sunlight common stock purchased during the Class Period that was still held as of the close of trading on December 27, 2022, the Recognized Loss Amount per share is *the lesser of*:

       i. $1.40 per share; or
       ii. the purchase price *minus* $1.38[1].

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market

## Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 9/29/2022 | $1.08 | $1.08 | 11/11/2022 | $1.36 | $1.17 |
| 9/30/2022 | $1.24 | $1.16 | 2/2/1900 | $1.30 | $1.17 |
| 10/3/2022 | $1.24 | $1.19 | 1/31/1900 | $1.69 | $1.19 |
| 10/4/2022 | $1.36 | $1.23 | 2/2/1900 | $1.58 | $1.20 |
| 10/5/2022 | $1.34 | $1.25 | 1/29/1900 | $1.67 | $1.21 |
| 10/6/2022 | $1.24 | $1.25 | 1/29/1900 | $1.49 | $1.22 |
| 10/7/2022 | $1.19 | $1.24 | 1/31/1900 | $1.49 | $1.22 |
| 10/10/2022 | $1.15 | $1.23 | 1/31/1900 | $1.55 | $1.23 |
| 10/11/2022 | $1.13 | $1.22 | 2/1/1900 | $1.56 | $1.24 |
| 10/12/2022 | $1.21 | $1.22 | 2/1/1900 | $1.64 | $1.25 |
| 10/13/2022 | $1.21 | $1.22 | 2/3/1900 | $1.61 | $1.26 |
| 10/14/2022 | $1.11 | $1.21 | 2/5/1900 | $1.71 | $1.27 |
| 10/17/2022 | $1.06 | $1.20 | 2/3/1900 | $1.81 | $1.28 |
| 10/18/2022 | $1.08 | $1.19 | 2/5/1900 | $1.73 | $1.29 |
| 10/19/2022 | $1.05 | $1.18 | 2/4/1900 | $1.81 | $1.30 |
| 10/20/2022 | $1.06 | $1.17 | 2/1/1900 | $1.77 | $1.31 |
| 10/21/2022 | $1.06 | $1.17 | 1/31/1900 | $1.63 | $1.32 |
| 10/24/2022 | $1.02 | $1.16 | 2/1/1900 | $1.55 | $1.32 |
| 10/25/2022 | $1.13 | $1.16 | 2/2/1900 | $1.62 | $1.33 |
| 10/26/2022 | $1.13 | $1.15 | 2/3/1900 | $1.68 | $1.34 |
| 10/27/2022 | $1.05 | $1.15 | 2/5/1900 | $1.73 | $1.34 |
| 10/28/2022 | $1.13 | $1.15 | 2/2/1900 | $1.81 | $1.35 |
| 10/31/2022 | $1.21 | $1.15 | 2/5/1900 | $1.69 | $1.36 |
| 11/1/2022 | $1.20 | $1.15 | 2/5/1900 | $1.81 | $1.37 |
| 11/2/2022 | $1.13 | $1.15 | 2/6/1900 | $1.82 | $1.38 |
| 11/3/2022 | $1.16 | $1.15 | 2/4/1900 | $1.89 | $1.38 |
| 11/4/2022 | $1.21 | $1.15 | 2/3/1900 | $1.77 | $1.39 |
| 11/7/2022 | $1.15 | $1.15 | 1/22/1900 | $1.73 | $1.40 |
| 11/8/2022 | $1.18 | $1.16 | 1/22/1900 | $1.13 | $1.39 |
| 11/9/2022 | $1.15 | $1.16 | 1/23/1900 | $1.11 | $1.39 |
| 11/10/2022 | $1.28 | $1.16 | 1/23/1900 | $1.15 | $1.38 |

---

price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $1.38 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on September 29, 2022 through and including on December 27, 2022.

8

## Calculation of Recognized Loss Amount for Settlement Class Members
## with Section 14(a) Claims

In order to have recoverable damages under Section 14(a) of the Exchange Act, Settlement Class Members must have held Spartan common stock as of June 1, 2021; were eligible to vote at Spartan's July 8, 2021 special meeting; and subsequently exchanged these shares for Sunlight common stock. The Recognized Loss Amount per share shall be calculated as follows:

  a) For shares sold during the period June 1, 2021 through September 28, 2022, inclusive, the Recognized Loss Amount is $10.00 per share minus the sale price per share.

  b) For shares held as of the close of trading on September 28. 2022, the Recognized Loss per share is $8.92.[2]

### ADDITIONAL PROVISIONS

The Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Loss (defined below).

If a Settlement Class Member has more than one purchase or sale in Sunlight common stock, purchases and sales shall be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period. Shares eligible for the 10(b) Claim are not eligible for the 14(a) Claim and visa-versa." A Claimant's "Recognized Loss" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts.

Purchases and sales of Sunlight common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Sunlight common stock during the Class Period shall not be deemed a purchase or sale of Sunlight common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of any Sunlight common stock.

The date of covering a "short sale" is deemed to be the date of purchase of the Sunlight common stock. The date of a "short sale" is deemed to be the date of sale of the Sunlight common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Sunlight common stock, the earliest Class Period purchases of Sunlight common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

---

[2] This represents the difference between $10.00 per share less the "Holding Value" of $1.08 per share of Sunlight common stock held as of the close of trading on September 28, 2022

Option contracts are not securities eligible to participate in the Settlement.  With respect to Sunlight common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

To the extent a claimant had a Market Gain with respect to his, her, or its overall transactions in Sunlight common stock during the Class Period, the value of the claimant's Recognized Loss shall be zero.  Such claimants shall in any event be bound by the Settlement.  To the extent that a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Sunlight common stock during the Class Period, but that Market Loss was less than the total Recognized Loss calculated above, then the claimant's Recognized Loss shall be limited to the amount of the actual Market Loss. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the claimant's Total Purchase Amount and (ii) the sum of the claimant's Total Sales Proceeds  and the claimant's Holding Value.  If the claimant's Total Purchase Amount minus the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; if the number is a negative number or zero, that number will be the claimant's Market Gain.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Released Defendant Parties (as defined below), Defendants Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court.  The Plaintiffs, Defendants, their respective counsel, Plaintiffs' damages expert, and all other releasees, including the Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Sunlight/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Sunlight/ **by 11:59 p.m. EST on November 19, 2024**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than November 19, 2024**, to:

10

Sunlight Financial Holdings, Inc.  Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant. Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

**10.    What am I giving up by receiving a payment and staying in the Class?**

Unless you exclude yourself from the Settlement Class by the November 19, 2024, deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendants and other Released Defendant Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any of the foregoing who is an individual, as well as any trust of which any of the foregoing is the settlor or which is for the benefit of any of their immediate family members, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) Defendants and all Released Defendant Parties from any and all claims which arise out of, are based upon or relate in any way to the purchase of Sunlight or Spartan common stock during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered with respect to the Plaintiffs' Released Claims (as defined in the Settlement Stipulation) in the purchase, sale or ownership of Sunlight or Spartan common stock during the Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Defendant Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Fung v. Sunlight Financial Holdings Inc., et*

11

*al.*, Case No. 1:22-cv-10658-AKH" and (<u>B</u>) state the number of shares of publicly-traded Sunlight common stock you (i) owned as of the opening of trading on January 25, 2021, and (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction.

To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Sunlight common stock during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Sunlight common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than November 19, 2024**, to the Claims Administrator at the following address:

Sunlight Financial Holdings, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.   If I do not exclude myself, can I sue Defendants or the other Released Defendant Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or the Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.   Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.   How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money

12

for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of Plaintiffs' Counsel (*i.e.,* Lead Counsel The Rosen Law Firm, P.A. and Additional Counsel Glancy Prongay & Murray LLP) in an amount not to exceed 29% ($1,015,000) of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $58,000, and an award to Plaintiffs not to exceed $6,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Fung v. Sunlight Financial Holdings Inc., et al.*, Case No. 1:22-cv-10658-AKH. To be valid, any such objection must: (1) state your name, address, e-mail contact information (if any), and telephone number; (2) state and include documentation of the number of shares of publicly-traded Sunlight common stock you (i) owned as of the opening of trading on January 25, 2021, and (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction; (3) state all grounds for the objection, including any legal support known to you or your counsel; (4) state the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) state the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Fairness Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection (or in a separate writing that is submitted and served on Lead Counsel and Defendants' Counsel at least ten (10) calendar days prior the Settlement Fairness Hearing) that they intend to appear at the Settlement Fairness Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than November 19, 2024**:

| Clerk of the Court U.S. District Court Southern District of New York 500 Pearl Street New York, NY 10007 | Yu Shi The Rosen Law Firm, P.A 275 Madison Ave 40th Floor New York, NY 10016  *Lead Counsel for Plaintiffs* | Jeffrey J. Chapman Aaron F. Jaroff McGuireWoods LLP 1251 Avenue of the Americas, 20th Floor New York, NY 10020  Jeffrey Crough Vinson & Elkins LLP 2001 Ross Avenue, Suite 3900 Dallas, TX 75201  *Defendants' Counsel* |
|---|---|---|

**16.   What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Fairness Hearing on **December 10, 2024, at 10:00 a.m.**, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 14D, New York, NY 10007. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Fairness Hearing telephonically or by other virtual means, Lead Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Fairness Hearing.

**18.   Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.   What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, during the Class Period, you purchased or sold publicly-traded Sunlight Financial Holdings, Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight") common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased publicly-traded Sunlight common stock during such time period; (b) request links to the Notice and an electronic copy of the Summary Notice and, within ten (10) calendar days after receiving the Summary Notice, email the Summary Notice and links to the Long Notice and Proof of Claim and Release Form to the email address of each beneficial purchaser/owner of publicly-traded Sunlight common stock; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial purchaser/owners of the publicly-traded Sunlight common stock. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.05 per name, address and email address provided to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____ , 2024              BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE
                                          SOUTHERN DISTRICT OF NEW YORK