**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on behalf of All Others Similarly Situated, | Case No. 1:22-cv-10658-AKH |
| Plaintiffs, | CLASS ACTION |
| v. | |
| SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, | |
| Defendants. | |

**MITCHELL WAX'S OBJECTION TO PROPOSED SETTLEMENT**

Class member Mitchell Wax ("Wax"), by undersigned counsel, respectfully submits the following

Objection to the proposed Class Action Settlement (the "Settlement") in the above-captioned action, and states

as follows:

I.    **Preliminary Information**

- Objector:    Mitchell Wax
  12124 E. Wethersfield Dr.
  Scottsdale, AZ 85259
  mwaxco@gmail.com
  914-330-1947

- Objector Wax did not own any shares of Sunlight Financial Holdings, Inc. ("Sunlight") or

  Spartan Acquisition Corp. II ("Spartan") as of the opening of trading on January 25, 2021.

  Wax's ownership of and Class Period trading in shares of Spartan and Sunlight is attached

  hereto as Exhibit A to the Declaration of Radha N. Raghavan submitted in support hereof.

1

- Number of objections to class action settlements within the past five (5) years:

    1.  Objector Wax: None

    2.  Rosca Scarlato LLC: None

    3.  Berger Montague PC: 2

        (a) Objection to breadth of release; litigation involving compensation for collegiate athletes (N.D. Cal.);

        (b) Objection in Canadian lawsuit to sufficiency of recovery in U.S. proceedings involving issuer iAnthus Capital Holdings Inc. (Superior Court of Justice – Ontario).

**II.  Basis for Objection: The Release Provisions of the Settlement Should Not Be Construed to Release the Claims Brought in the *Wax* Action and the Defendant Named Therein**

1.  Mitchell Wax ("Objector"), by and through counsel, hereby objects to the Settlement in the matter of *Fung v. Sunlight Financial Holdings Inc., et al.*, Case No. 1:22-cv-10658-AKH, on the basis that the release of claims, as drafted, may be construed to improperly release – without any consideration or adequate notice to the class – Cross River Bank ("CRB"), the sole defendant in a separate securities class action lawsuit on behalf of investors in Sunlight securities pending in the United States District Court for the District of New Jersey. *See Wax v. Cross River Bank*, No. 2:24-cv-09510 (D.N.J.) (the "*Wax* Action"). By this Objection, Objector respectfully requests that the Court issue an Order: (1) clarifying that the "Settlement Class Claims" as defined in the Stipulation of Settlement ("Stipulation") entered into by the parties dated August 8, 2024 in the above-captioned action do not include the claims asserted against CRB in the *Wax* Action by Objector, as those claims do not arise out of the identical facts and circumstances; and (2) carving out CRB from the definition of "Released Defendant Parties" as defined in the Stipulation, as that release provision is overbroad and improperly encompasses CRB as a shareholder of Sunlight in the definition.

2.  As set forth in the Notice of Pendency of Proposed Settlement of Class Action (the "Class Notice"), the instant lawsuit is a securities class action alleging violations of Sections 10(b), 14(a), and 20(a)

of the Securities Exchange Act of 1934 (the "Exchange Act"), on behalf of: (i) purchasers of the common stock of Sunlight  between January 25, 2021 and September 28, 2022 (the "Class Period"); and/or (ii) beneficial owners and/or holders of the common stock of Spartan Acquisition Corp. II ("Spartan") as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.[1]

3.    On September 27, 2024, Wax filed the *Wax* Action on behalf of all persons who purchased or otherwise acquired the securities of Sunlight and/or Spartan during the period of January 25, 2021 through October 31, 2023 (the "*Wax* Class Period").[2]  The *Wax* Action brings claims under Section 10(b) of Exchange Act, and Rule 10b-5(a) and (c) thereunder, alleging scheme liability against a single defendant: CRB, a private bank incorporated in New Jersey and an entity not named in the instant action.

4.    The *Wax* Action alleges that CRB, acting as Sunlight's "Bank Partner," engaged in a scheme whereby, in exchange for significant fees, CRB helped conceal from Sunlight's investors the existence of a large pool of high-risk loans for which Sunlight bore the risk of loss, and – unbeknownst to Sunlight investors – facilitated and encouraged the build-up of a large pool of high-risk loans that were commercially unviable and unmarketable. According to the *Wax* Complaint, CRB warehoused these loans, made to solar panel installers of dubious credit quality, on its own balance sheet – thus, "off-balance sheet" for Sunlight – despite the fact that Sunlight retained full economic exposure for such loans. As Sunlight investors, Wax and the putative class he seeks to represent were not aware that Sunlight was on the hook for such a large amount of these loans, which contained enormous levels of risk of default, as well as interest rate risk. Neither Sunlight nor CRB disclosed to Wax and the putative class the magnitude of that risk or, when interest rates increased, the extent of Sunlight's mounting off-balance sheet liabilities, which were being warehoused on CRB's balance sheet. Ex. B at 2.

---

[1] https://www.strategicclaims.net/wp-content/uploads/2024/08/Sunlight-Final-Long-Notice-and-Proof-of-Claim.pdf

[2] The Complaint for Violations of Federal Securities Laws (the "*Wax* Complaint") is attached hereto as Exhibit B to the Raghavan Declaration, submitted herewith.

5.    CRB is not a defendant in the above-captioned action. Upon information and belief, CRB did not participate in the negotiations that resulted in the settlement of this Action, nor did it contribute any monies toward the Settlement Fund, as defined in the Stipulation. ECF No. 113-4.

6.    Pursuant to Section 21D(a)(3)(A) of the Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(A), as amended by the Private Securities Litigation Reform Act of 1995, Wax issued notice of the pendency of the *Wax* Action. Motions for appointment of lead plaintiff are due on December 2, 2024.

7.    The instant action does not bring claims against CRB. Nor is CRB alleged to be a relevant non-party in the operative complaint, *i.e.*, the Second Amended Complaint. *See* ECF No. 73. In fact, CRB is not mentioned at all in the Second Amended Complaint. *See id*.

8.    Plaintiff's Motion for Final Approval of Class Action Settlement and the Memorandum of Law in support thereof, filed on November 12, 2024, seek, among other things, the Court's final approval of the proposed settlement of the above-captioned class action on the terms and conditions set forth in the Stipulation. *See* ECF Nos. 116, 117 at 2.

9.    Section 1.28 of the Stipulation defines "Released Defendant Parties" as follows:

"Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past, present, or future direct or indirect subsidiaries, parents, affiliates, principals, joint ventures, joint ventures [sic], any other corporate entities, successors and predecessors, assigns, officers, directors, **shareholders, controlling shareholders**, members, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, investors, accountants; the spouses, members of the families, representatives, and heirs of Defendants who are individuals, as well as any trust of which any Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

ECF No. 113-4 at 9-10 (*emphasis added*).

10.    Section 1.35 of the Stipulation defines "Settlement Class Claims" as follows, in relevant part:

"Settlement Class Claims" means any and all claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, **both known and Unknown Claims, alleged or which could have been alleged by any Released Plaintiff Party against Defendants**

4

***or against any other of the Released Defendant Parties*** in any court of competent jurisdiction or any other adjudicatory tribunal that arise out of, ***are based upon, are in any way related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, nondisclosures, occurrences, representations, statements, acts, claims, omissions, or failures to act that were: (i) involved, set forth, or referred to in any of the complaints filed in the Action, that could have been filed in the Action, or that otherwise would have been barred by res judicata had the Action been fully litigated to a final judgment; and (ii) relate to the purchase or sale of Sunlight or Spartan common stock during the Class Period***.

ECF No. 113-4 at 12 (*emphasis added*).

11.    Section 5.1 of the Stipulation provides that:

[u]pon the Effective Date of this Settlement, ***Plaintiffs, all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), and all other Released Plaintiff Parties***, on behalf of themselves and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and ***forever released, relinquished, and discharged each and every one of the Settlement Class Claims***, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

ECF No. 113-14 at 26 (*emphasis added*).

12.    Wax respectfully submits that the release provisions included in the Stipulation as drafted – specifically with respect to "Settlement Class Claims" (Section 1.35) –may be read to include CRB. This could result in CRB being given a "free ride" on the instant Settlement, notwithstanding the fact that: (i) the *Wax* Action and the instant action do not arise out of an "identical factual predicate," *see In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,* No. 05-MD-1720 (E.D.N.Y.), 2024 WL 3236614, at *31 (E.D.N.Y. June 28, 2024), and (ii) CRB has not been specifically identified as a released party in the settlement notice to the Sunlight investors – who are also putative class members in the *Wax* Action – and CRB has not contributed to the Settlement, as alleged above.

13.    A class action release may release claims not presented or claims that could not have been prevented only when "the released conduct arises out of the ***identical factual predicate*** as the settled conduct." *Melito v. Experian Mktg. Sols.*, 923 F.3d 85, 95 (2d Cir. 2019) (internal quotations omitted) (emphasis added). *See* 6 Newberg and Rubenstein on Class Actions § 18:20 (6th ed.) ("The basic rule is that courts will approve

settlements—or give preclusive effect to judgments approving settlements—so long as the released claims arise out of the "identical factual predicate" as the settlement.").

14.     The claims alleged in the *Wax* Action do not share an "identical factual predicate" with the claims alleged in the instant action:

   a. The *Wax* Class Period of January 25, 2021 through October 31, 2023 is ***more than a year*** longer than the Class Period alleged in the instant action (*ie.* January 25, 2021 and September 28, 2022). *Compare* ECF No. 113-4 at 6 and Ex. B at 1;

   b. According to the Class Notice, Plaintiffs in the instant action alleged that "Defendants made false and misleading statements concerning Sunlight's due diligence process for its contractor partners.… Specifically, Plaintiffs alleged that Sunlight gave substantial amounts of cash advances to its contractor partners without conducting the type of due diligence that it claimed to conduct. Plaintiffs alleged that as a result, there was a heightened risk that one or more of Sunlight's contractor partners could default on Sunlight's cash advances, and alleged that this risk eventually transpired when one of Sunlight's largest contractor partners defaulted and went into bankruptcy." ECF No. 113-6 at 4.

   c. By contrast, the *Wax* Action concerns the relationship between Sunlight and its capital providers – specifically, its "indirect channel" capital provider, *i.e.*, CRB. Ex. B at 3. That action alleges that CRB undertook a scheme to enable Sunlight to repeatedly exceed its lending limits and conceal its rising exposure from investors. Ex. B at 3-4. Unlike in the instant action, where investors learned the true state of Sunlight's financial picture on September 28, 2022, when Sunlight announced a non-cash impairment of $30 to $33 million on account of liquidity issues facing Pink Energy, one of the major contractors to which Sunlight extended loans, in the *Wax* Action, September 28, 2022 was only the beginning of the market correction. From that date through the announcement on

October 31, 2023 that CRB would provide exit financing in connection with Sunlight's Chapter 11 reorganization, CRB issued successive disclosures as to its expansion of its loan capacity to Sunlight. *See* Ex. B at 5-8.

15.     The instant action and the *Wax* Action are different cases. They do not arise from an "identical factual predicate" and thus the release provisions of the Stipulation here should have no effect on the claims against CRB in the *Wax* Action. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2024 WL 3236614, at *31 (E.D.N.Y. June 28, 2024); *see also TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982) (setting forth the "identical factual predicate" standard and noting that the Second Circuit had "previously 'assume[d] that a settlement could properly be framed so as to prevent class members from subsequently asserting claims relying on a legal theory different from that relied upon in the class action complaint but depending upon the very same set of facts' ").

16.     Indeed, the Stipulation includes a carve-out for another separate lawsuit that – like the *Wax* Action – does not arise from an "identical factual predicate." The Stipulation specifically provides that the Settlement Class Claims do not include *McCants, et al. v. Strong, et al.*, C.A. No. 2023-0694-PAF (Del. Ch.), an action in the Court of Chancery of Delaware alleging breaches of fiduciary duties and unjust enrichment in connection with Spartan's business combination with legacy Sunlight. ECF No. 113-4 at 12-13. Had the parties in the instant action been aware of the existence of the *Wax* Action – which they were not, as the Stipulation is dated August 8, 2024 (*see* ECF 113-4 at 1), and the *Wax* Complaint was filed nearly two months later on September 27, 2024 (*see* Ex. B ) – presumably the *Wax* Action would have likewise been excluded from the release provisions of the Stipulation just as the *McCants* claims are.

17.     In addition, Objector asserts that the definition of Released Defendant Parties as drafted is overbroad in that it encompasses all shareholders of Sunlight including CRB.

18.     A determination by this Court that the release provisions of the Stipulation are inapplicable to the *Wax* Action would not expose any Defendant or, on information and belief, any other Released Defendant

Party to any additional liability for the Settlement Class Claims as defined in Section 1.35 of the Stipulation, or any undue prejudice.

19.    Nor would excluding CRB from the protections of the Stipulation's release provisions render notice to class members inadequate. CRB was neither named as a defendant nor referenced in the Second Amended Complaint. On information and belief, it did not participate in the negotiations that resulted in this Settlement, nor was it invited to do so. CRB has no connection to the instant lawsuit and thus its release from liability pursuant to the Stipulation was not relied upon by class members when determining what action to take with respect to the Settlement.

20.    CRB, which is not a party to the instant lawsuit and did not have any involvement in or contribute monies to the Settlement of the claims in this lawsuit, should not be allowed to escape liability for its own alleged wrongdoing by virtue of the settlement herein.

Wherefore, Wax respectfully requests that the Court consider his objection to the proposed Class Action Settlement, and enter an Order which (1) clarifies that the claims asserted in the *Wax* Action do not constitute a "Settlement Class Claim" and (2) determines that the sole defendant in the *Wax* Action, CRB, is not a "Released Defendant Part[y]" as defined in the Stipulation.

Wax wishes to be heard orally at the Settlement Fairness Hearing.

Dated: November 19, 2024              Respectfully submitted,

Radha Nagamani Raghavan (Bar No. 5753140)
Michael Dell'Angelo
Andrew D. Abramowitz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
rraghavan@bm.net
mdellangelo@bm.net
aabramowitz@bm.net

Paul J. Scarlato, Esq.

8

ROSCA SCARLATO LLC
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
E-mail: pscarlato@rscounsel.law

Alan L. Rosca, Esq.
ROSCA SCARLATO LLC
2000 Auburn Dr. Suite 200
Beachwood, OH 44122
Telephone: (216) 946-7070
E-mail: arosca@rscounsel.law

*Attorneys for Mitchell Wax*

9

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on behalf of All Others Similarly Situated, | Case No. 1:22-cv-10658-AKH |
| Plaintiffs, | CLASS ACTION |
| v. | |
| SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, | |
| Defendants. | |

**DECLARATION OF RADHA N. RAGHAVAN IN SUPPORT OF MITCHELL WAX'S OBJECTION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

I, Radha N. Raghavan, declare as follows:

1. I am a member in good standing of the bar of the State of New York and am admitted to practice before this Court. I submit this declaration in support of the objection filed by class member Mitchell Wax ("Wax") to Plaintiffs' Motion for Final Approval of Class Action Settlement.

2. Attached as Exhibit A hereto is documentation reflecting (a) the number of shares of Sunlight Financial Holdings, Inc. ("Sunlight") held by Wax at the opening of trading on January 25, 2021, and (b) the number of shares purchased and/or sold during the Class Period, including the quantity of shares, dates purchased and/or sold, and the price of Sunlight shares at the time of that transaction.

3. Attached as Exhibit B hereto is the Complaint for Violations of Federal Securities Laws in the action captioned *Wax v. Cross River Bank*, Case No. 2:24-cv-09510-BRM-JRA (D.N.J.).

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

1

Executed this 19th day of November, 2024.

Radha N. Raghavan