**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        -against-<br><br>SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC,<br><br>        Defendants. | Case No.: 1:22-cv-10658-AKH<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND <u>AWARD TO PLAINTIFFS</u>**

Lead Plaintiff Matthew Millunchick and named plaintiff Mike Margent ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions for: (I) Final Approval of Class Action Settlement (ECF No. 116); and (II) An Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs (ECF No. 118) (the "Motions"). Plaintiffs also submit the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date, dated December 2, 2024 ("Craig Decl."), filed concurrently herewith, in support of their Motions.[1]

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested Awards to Plaintiffs, or to opt out of the Settlement Class, was November 19, 2024. In response to the dissemination of 45,901 notices of the Settlement, only one objection to the Settlement has been received. No Settlement Class Member has objected to the Plan of Allocation, or to the requested attorneys' fees and expenses, or to the requested service award to Plaintiffs. Not a single Settlement Class Member has requested exclusion from the Settlement Class.

As discussed in detail below, the lone objection (ECF No. 121) – submitted by individual investor Mitchell Wax ("Wax") – is without merit.

### I. Plaintiffs and the Claims Administrator Completed the Court-Approved Notice Program

Pursuant to the Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 114), a comprehensive notice program was completed which included: disseminating 45,901 notices of the Settlement (either in the form of a mailed Postcard

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation of Settlement dated August 8, 2024 (ECF No. 113-4).

Notice or an emailed link to the Long Notice); publishing the Summary Notice electronically over *GlobeNewswire*, and posting all relevant Settlement documents on the Claims Administrator's website. *See* Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of Notices; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusions and Objections ("Bravata Decl.") (ECF No. 120-1) at ¶¶9, 11, 13.

The Long Notice describes the Action and the Settlement, includes the Plan of Allocation, and informs Settlement Class Members about their rights, including their rights to file a claim, request to be excluded from, or object to any aspect of the Settlement. (Bravata Decl., Ex. A) (ECF No. 120-1, at ECF Pages 8-19). The Summary Notice directed Settlement Class Members to the Settlement website and informed Settlement Class Members of their right to: (i) submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees and expenses; or (ii) request exclusion from the Settlement Class. (ECF No. 107-4). In response to the notice program, SCS has received 12,918 claims which are currently undergoing quality assurance reviews. Craig Decl. at ¶9.

## II. The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and the Requested Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs

Plaintiffs respectfully submit that their opening papers demonstrate why the Motions should be granted. Now that the deadline for submission of objections has passed, the Settlement Class's overwhelmingly positive reaction - only one objection to the Settlement following dissemination of 45,901 notices, and no objections to the Plan of Allocation or to the motion for attorneys' fees and expenses and award to Plaintiffs - provides strong additional support for approval of the Motions.

Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry." *Wal-Mart Stores, Inc.*

*v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id*. at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants).

The lack of any objections to the Plan of Allocation supports approval of the Plan. *In re Veeco Instruments Inc. Secs. Litig.,* No. 05 MDL 01695, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objection to the requested attorneys' fees and expenses supports awarding the amounts requested. *See In re Veeco,* (class members' reaction to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) (that "no class members have explicitly objected to these attorneys' fees supports their award," and noting there were no objections to the requested expenses and finding "them to be reasonable"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) ("Not one person, company, or institution has filed an objection to the fee request or the expense reimbursement sought. As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.").

Finally, the lack of any objections to the requested Awards to Plaintiffs also supports approval of this request. *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, No. MDL 12-

2389, 2015 WL 6971424, at *13 (S.D.N.Y. Nov. 9, 2015) ("[N]o objections to the incentive awards have been made…Accordingly, the incentive awards are approved as reasonable."); *In re Flag Telecom Holdings*, 2010 WL 4537550, at *31 (granting lead plaintiff awards when "[n]o objections to these requests have been filed").

### III.     The Lone Objection to the Settlement Should be Rejected

Wax is the named plaintiff in a putative class action against Cross River Bank, pending in the U.S. District Court for the District of New Jersey, filed *more than two months after* the Stipulation of Settlement was publicly-filed in this Action (containing the same release language that the Court preliminarily approved) and *more than a month after* the Court granted preliminary approval of this Settlement.[2] The Wax Complaint alleges that Cross River Bank conspired with Sunlight to conceal Sunlight's exposure to bad loans advanced to dubious solar contractors (specifically, Pink Energy and Vision Solar).[3] Wax principally objects to the Settlement because Plaintiffs did not name Cross River Bank as a defendant and this Settlement "may be construed" to release those claims against Cross River Bank. Wax's objection is meritless.

*First*, Plaintiffs had the sole authority to determine what claims to assert in this Action on behalf of the class, and their decision not to assert claims against Cross River Bank (or any other party) was within their discretion. Courts "have consistently held that a lead plaintiff has the sole authority to determine what claims to pursue on behalf of the class." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013); *see also In re*

---

[2] The Stipulation of Settlement was first filed on July 15, 2024 (ECF No. 107). The Court granted preliminary approval of the Settlement on August 15, 2024 (ECF No. 114). Wax initiated his action on September 27, 2024. *See Wax v. Cross River Bank* complaint, attached as Exhibit B to the Declaration of Radha N. Raghavan ("Wax Complaint," ECF No. 121-1).

[3] *See* Wax Complaint at ¶¶1, 46.

4

*Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011) (holding that lead plaintiff has "the authority and discretion to determine which claims to pursue"). Unlike Plaintiffs here who sought appointment as lead plaintiff, and then filed amended complaints adding additional claims against additional defendants (*e.g.* Plaintiffs' amended complaints added Section 14(a) claims against the Spartan Defendants), Wax did not seek lead plaintiff appointment in this Action.

Wax (and other Settlement Class Members) suffered no prejudice from Plaintiffs' decision, because class members had ample opportunity to assert their own individual claims against Cross River Bank if they wished to do so. Plaintiffs' filing of the first amended complaint on May 22, 2023 (ECF No. 34) put Wax and other class members on notice of Plaintiffs' decision not to assert claims against Cross River Bank in this Action. That decision was reiterated when Plaintiffs filed the second amended complaint on October 20, 2023 (ECF No. 70) that likewise did not name Cross River Bank as a defendant. Accordingly, Wax was on notice that Plaintiffs were not asserting claims against Cross River Bank, and Wax (and other class members) were free to pursue those claims for themselves if they wished to do so. *Facebook*, 2013 WL 4399215, at *6 ("The Exchange Act Plaintiffs remain free to pursue their claims through an individual action"). Indeed, Wax was well aware of this Action when he filed his putative class action lawsuit, as the Wax Complaint alleges that various parties participated in a scheme to defraud Sunlight investors, but names only one defendant - Cross River Bank - and not any of the Defendants named in this Action.

Wax could have sought appointment as lead plaintiff in this Action so that he can decide what claims to advance against which defendants, or contacted Plaintiffs about adding potential claims against Cross River Bank at the time that Plaintiffs were preparing the first and second

5

amended complaints, or filed his own individual action against Cross River Bank. Wax chose not to take any of those courses of action. His personal choice is no reason to scuttle a favorable settlement to which no other Settlement Class Member has objected.

*Second*, the scope of the release under the Settlement is appropriate. Consistent with Second Circuit law, the Settlement would release legal claims that are related to those in the Action, but were not asserted in the Action, as long as those claims arose from the same factual nucleus as the allegations made in the Action.[4] *See Wal-Mart*, 396 F.3d at 107 ("class action releases may include claims not presented [in the complaint] . . . so long as the released conduct arises out of the 'identical factual predicate' as the settled conduct"); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 2495554, at *3 (S.D.N.Y. Oct. 11, 2005) (same). This applies to non-parties as well. *See Wal-Mart*, 396 F.3d at 109 ("class action settlements have in the past released claims against non-parties where, as here, the claims against the non-party being released were based on the same underlying factual predicate as the claims asserted against the parties to the action being settled") (internal citations omitted); *In re Holocaust Victim Assets Litig.,* 105 F.Supp.2d 139, 143, 160–65 (E.D.N.Y.2000) (approving class settlement with broad releases against non-parties, including insurance carriers, other banks, and Swiss governmental entities). Thus, any claims that arise from the same factual allegations made in this Action, even if based on different legal theories and against different parties, would appropriately be released by this Settlement.

This Court need not, and should not, determine whether the Settlement releases claims asserted in the Wax Complaint against Cross River Bank. Wax in effect asks the Court to issue a

---

[4] Specifically, the Settlement provides for the release of any and all claims, including Unknown Claims that ***both*** "(i) involved, set forth, or referred to in any of the complaints filed in the Action, that could have been filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment; ***and*** (ii) relate to the purchase or sale of Sunlight or Spartan common stock during the Class Period." Stipulation at ¶1.35.

hypothetical, advisory opinion on whether the Settlement would bar his claims in a separate action pending in the District of New Jersey. The Court should decline that improper request. The determination of whether the Settlement covers the claims in the Wax Complaint would properly fall on the court with jurisdiction over the Wax action - *i.e.,* the U.S. District Court for the District of New Jersey. If the Settlement is approved by this Court, Cross River Bank may or may not choose to assert in the Wax action that his claims there are barred by the Settlement's release here. If Cross River Bank does make such an assertion in the District of New Jersey, Wax will have ample opportunity to argue in that forum that the Settlement does not bar his claims, and the District of New Jersey will be properly positioned to rule at the time on that ripe dispute. The District of New Jersey would be better equipped to rule on that dispute than this Court because it would have briefing from all parties on the dispute and would be applying the law applicable in that forum, with which it is familiar, rather than the law of a foreign jurisdiction, as this Court would have to in issuing a premature advisory opinion.

Accordingly, Wax's objection should be overruled.

### IV. The Lack of Opt-Outs Support Approval of the Settlement, Plan of Allocation, and the Request of Attorneys' Fees, Reimbursement of Expenses, and Awards to Plaintiffs

Not a single Settlement Class Member has requested exclusion from the Settlement. Craig Decl. at ¶7. The lack of valid opt-outs from Settlement Class Members strongly supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (finding that 34 requests for exclusion in response to the mailing of nearly 400,000

7

notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

## CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submit that the Court should enter the: [Proposed] Order and Final Judgment (ECF No. 116-1), [Proposed] Order Approval Plan of Allocation (ECF No. 116-2), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 118-1).

Dated: December 3, 2024        Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Yu Shi*
Laurence Rosen
Yu Shi
275 Madison Ave, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

A copy was also served via email on the following counsel for objector Henry Wax:

Radha Nagamani Raghavan (rraghavan@bm.net)
Michael Dell'Angelo (mdellangelo@bm.net)
Andrew D. Abramowitz (aabramowitz@bm.net)
Paul J. Scarlato (pscarlato@rscounsel.law)
Alan L. Rosca (arosca@rscounsel.law)

*/s/ Yu Shi*
Yu Shi