# EXHIBIT 1

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 1:22-cv-10658-AKH |
| Plaintiffs, | |
| -against- | CLASS ACTION |
| SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, | |
| Defendants. | |

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation"), dated December 12, 2024, is entered into among: (a) Lead Plaintiff Matthew Millunchick and named plaintiff Mike Margent ("Plaintiffs"), on behalf of themselves and the Settlement Class;[1] (b) defendants Sunlight Financial Holdings, Inc. f/k/a Spartan Acquisition Corp. II ("Sunlight"), Matthew Potere, Barry Edinburg, and Rodney Yoder (the "Sunlight Defendants"); and (c) defendants Geoffrey Strong, James Crossen, Olivia Wassenaar, Wilson Handler, Christine Hommes, Joseph Romeo, and Spartan Acquisition Sponsor II LLC (the "Spartan Defendants," together with the Sunlight Defendants, the "Defendants"), by and through their respective counsel of record in this Action. Subject to the approval of the United States District Court for the Southern District of New York ("Court") and

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

the terms and conditions set forth herein, this Stipulation is intended to fully, finally, forever resolve, discharge, and settle the Action and the Released Claims (as defined below).

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### A.    Procedural History of the Litigation

This Action began on December 16, 2022, when Kathie Fung filed a putative securities fraud class action complaint in this Court against the Sunlight Defendants and James Crossen alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). ECF No. 1.

On March 8, 2023, the Court appointed Matthew Millunchick as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel. ECF No. 30.

On May 22, 2023, Plaintiffs filed the Amended Class Action Complaint For Violations of the Federal Securities Laws ("First Amended Complaint") against Defendants, alleging claims under Section 10(b), 14(a), and 20(a) of the Exchange Act. ECF No. 34.

On July 21, 2023, Defendants filed their motions to dismiss the First Amended Complaint. ECF Nos. 57 (the Sunlight Defendants' motion to dismiss), 59 (the Spartan Defendants' motion to dismiss).

On October 20, 2023, in lieu of opposing Defendants' motions to dismiss the First Amended Complaint, Plaintiffs filed the operative Second Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint").  ECF No. 70.[2]

On November 2, 2023, Sunlight filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings. ECF No. 74.  Accordingly, the Action was stayed as to Sunlight until December 6, 2023, when Sunlight emerged from bankruptcy.  In approving Sunlight's reorganization, the bankruptcy court ordered that Sunlight remain a party to this Action solely as a nominal defendant.

On December 20, 2023, Defendants filed their motions to dismiss the Complaint. ECF Nos. 78 (Sunlight Defendants' motion to dismiss), 82 (Spartan Defendants' motion to dismiss). On March 5, 2024, Plaintiffs filed their oppositions to Defendants' motions to dismiss. ECF Nos. 89 & 90. Defendants filed their replies in further support of their motions to dismiss on April 12, 2024. ECF Nos. 91 & 92.  The motions to dismiss remain pending.

B.      Settlement Negotiations

On April 25, 2024, following the submission and exchange of written position statements, the Parties participated in an in-person, full-day mediation with Robert A. Meyer, Esq. of JAMS.  The mediation ended without an agreement.  However, negotiations continued and an agreement in principle to settle this Action was reached on April 29, 2024.  A Memorandum of Understanding ("MOU") concerning certain basic terms of the Settlement was executed on May 21, 2024.

---

[2] The Complaint was re-filed on October 24, 2023 to correct an ECF error. ECF No. 73.

**C.        Plaintiffs' Assessment of the Claims and Benefits of Settlement**

While Plaintiffs believe that the claims asserted in the Complaint have merit, Plaintiffs recognize the substantial risk that the Complaint may not survive Defendants' motions to dismiss, under which scenario Plaintiffs and the putative class would receive nothing. Even if Plaintiffs were to prevail against Defendants' motions to dismiss, Plaintiffs are mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, possible limitations on damages, and practical impediments to enforcing a judgment against a company that recently emerged from bankruptcy. Plaintiffs, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is in the best interests of the Settlement Class. Plaintiffs shall use their best efforts to obtain final Court approval of the Settlement.

**D.        Defendants' Denials of Wrongdoing and Liability**

Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Defendants have denied, and continue to deny, each and all of the claims alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action. Defendants further have denied, and continue to deny, that they violated or breached any law, regulation or duty owed to Plaintiffs or the Settlement Class, failed to disclose any material information to investors, acted in any deceitful manner, or that their public statements were false or misleading, or that Plaintiffs and the Settlement Class suffered any damages or were harmed by the conduct alleged in this Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants maintain that they have meritorious defenses to all of the claims alleged in this Action.

4

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in this Action. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have concluded that it is desirable and beneficial that the Released Claims be fully and finally settled and that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the case captioned *Fung v. Sunlight Financial Holdings, Inc., et al.*, Case No. 1:22-cv-10658-AKH, pending in the United States District Court for the Southern District of New York, and including any and all complaints filed in this Action.

1.1    "Additional Counsel" means Glancy Prongay & Murray LLP.

1.2    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.3    "CAFA Notice" means the proper notice of the Settlement that Defendants' Counsel shall serve pursuant to section 1715 of Title 28 of the United States Code.

1.4    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5    "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibit A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.6    "Class Period" means the period from January 25, 2021 to September 28, 2022, both dates inclusive.

1.7    "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Released Defendant Parties could have raised in the Action against any Released Plaintiff Party, whether arising under state, federal, common, or foreign law, which arise out of or are related to the commencement and prosecution of the Action (except for claims to enforce the Settlement), including claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.8    "Defendants' Counsel" means McGuireWoods LLP and Vinson & Elkins LLP.

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.10    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.13    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.14    "Final," with respect to this Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the Releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of—or any appeals solely related to—a Plan of Allocation, a Fee and Expense Award to Lead Counsel, and/or a compensatory award to Plaintiffs.

1.15    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice

and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.16    "Lead Counsel" means The Rosen Law Firm, P.A.

1.17    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Plaintiffs approved by the Court, and Notice & Administration Costs.

1.18    "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.19    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.20    "Parties" means Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

1.21    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.22    "Plaintiffs' Counsel" means Lead Counsel and Additional Counsel.

1.23    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.24    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice, Stipulation, and file a Proof of Claim.,

1.25    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

1.26    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.27    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.28    "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past, present, or future direct or indirect subsidiaries, parents, affiliates,

principals, joint ventures, joint ventures, any other corporate entities, successors and predecessors, assigns, officers, directors, shareholders, controlling shareholders, members, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers and reinsurers, auditors, advisors, financial advisors, investment banks, underwriters, investors, accountants; the spouses, members of the families, representatives, and heirs of Defendants who are individuals, as well as any trust of which any Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

1.29    "Released Parties" means the Released Defendant Parties together with the Released Plaintiff Parties.

1.30    "Released Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  "Released Plaintiff Parties" do not include persons or entities who or which timely and validly submit a request for exclusion from the Settlement Class or whose exclusion from the Settlement Class is accepted by the Court.

1.31    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.32    "Settlement" means the settlement contemplated by this Stipulation.

1.33    "Settlement Amount" means the Settlement consideration for a full and complete settlement of all Released Claims being paid or caused to be paid by Defendants in the amount of three million and five hundred thousand dollars ($3,500,000.00), with each Defendant paying or causing to be paid only the amount allocated to it in the separate Supplemental Agreement between the Parties (the "Supplemental Agreement") and having no liability to Plaintiff or the Settlement Class for funding the Settlement Amount beyond that allocation.[3]  For the avoidance of doubt, such allocation for funding the Settlement Amount shall not govern, alter or prejudice the rights and obligations among the Defendants and/or their respective insurers, including without limitation with respect to issues of indemnification or subrogation.

1.34    "Settlement Class" means, for purposes of this Settlement only, all persons and entities who: (a) purchased the publicly traded common stock of Sunlight between January 25, 2021 and September 28, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the common stock of Spartan Acquisition Corp. II ("Spartan") as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting. Excluded from the Settlement Class are: (a) Defendants and their families, the officers, directors and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; and (b) persons and entities who suffered no compensable losses.  Also excluded from the Settlement Class are those persons and entities who or which timely and validly submit a request for exclusion from the Settlement Class or whose exclusion from the Settlement Class is accepted by the Court.  A request for exclusion is valid only if it is signed by the person seeking

---

[3] All dollar amounts are in U.S. dollars.

11

exclusion from the Settlement Class.  Group opt-outs, including "mass" or "class" opt-outs, are not permitted.

      1.35    "Settlement Class Claims" means any and all claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, both known and Unknown Claims, alleged or which could have been alleged by any Released Plaintiff Party against Defendants or against any other of the Released Defendant Parties in any court of competent jurisdiction or any other adjudicatory tribunal that arise out of, are based upon, or are related to any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, claims, omissions, or failures to act that were: (i) involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment; and (ii) relate to the purchase or sale of Sunlight or Spartan common stock during the Class Period. Provided, however, that Settlement Class Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims by persons or entities who or which timely and validly submit a request for exclusion from the Settlement Class or whose exclusion from the Settlement Class is accepted by the Court; or (iii) the claims as asserted in the operative complaint filed on November 22, 2023 in the matter captioned *McCants, et al. v. Strong, et al.*, C.A. No. 2023-0694-PAF (Del. Ch.) (the "Delaware Action") or any claims or allegations that may be added to the Delaware Action asserting that the defendants in the Delaware Action or their officers, directors, or affiliates breached their fiduciary duties, aided and abetted breaches of fiduciary duty, or were unjustly enriched, in each case by impairing the redemption rights of holders of

Spartan common stock in advance of Spartan's business combination with legacy

Sunlight.   With respect to the claims in the Delaware Action, nothing in the Settlement shall in

any way prevent anyone, including Defendants or their affiliates, from taking the position in the

Delaware Action that any recovery to putative class members in that action should be reduced or

offset by any recovery by the Settlement Class in this Action, or are eligible to recover as a result

of the Settlement of this Action.   For the avoidance of doubt, such reduction or offset shall not

apply to any shareholders who opt out of the Settlement Class.

      1.36    "Settlement Class Member" means a person or entity that is a member of the

Settlement Class.   "Settlement Class Members" means all such Persons.

      1.37    "Settlement Distribution Order" means the Order approving the Claims

Administrators' administrative determinations concerning the acceptance and rejection of the

claims submitted by potential Settlement Class Members; approving of any fees and expenses

not previously applied for, including the fees and expenses of the Claims Administrator; and

directing the distribution of the Net Settlement Fund to Authorized Claimants.

      1.38    "Settlement Fairness Hearing" means a hearing to be held before the Court to

determine whether the proposed Settlement of the Action on the terms and conditions provided

for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be

approved by the Court; to determine whether a Judgment as provided in the Stipulation should be

entered; to determine whether the proposed Plan of Allocation should be approved; to determine

any amount of fees, costs and expenses that should be awarded to Lead Counsel for their efforts

and any compensatory awards that should be awarded to Plaintiffs for their service to the

Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of

Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.39    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.40    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.41    "Taxes" and "Tax Expenses" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.42    "Unknown Claims" means and includes (i) any and all Settlement Class Claims that any Plaintiff, any Settlement Class Member, or any other Released Plaintiff Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Class; and (ii) any and all Defendant Claims that any Defendant or other Released Defendant Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it at the time of the release of the Released Plaintiff Parties, might have affected his, her, or its decision(s) with respect to the Settlement.

With respect to the Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each Settlement Class Member and other Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by California Civil Code § 1542, or any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs, Defendants and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member and other Released Plaintiff Party, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, and the Released Defendant Parties shall expressly, fully, finally, and forever settle and release any and all Settlement Class Claims and Defendant Claims as applicable, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Settlement Class Members and the other Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

    **C.**    **The Settlement**

        **a.**    **Settlement Amount**

    2.0    In consideration of the full and final settlement of the Settlement Class Claims, Defendants shall pay or cause to be paid to the Escrow Account their respective portions of $1,750,000 (one million seven hundred fifty thousand dollars) of the Settlement Amount within thirty (30) calendar days after the later of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Defendants' Counsel of (a) complete payment instructions in a customary form reasonably acceptable to Defendants, including the bank name, ABA routing number, and contact information for an individual who can verify settlement payment instructions and (b) a signed Form W-9 providing the tax identification number for the Escrow Account.  Defendants shall pay or cause to be paid to the Escrow Account their respective portions of the remaining $1,750,000 (one million seven hundred fifty thousand dollars) of the Settlement Amount with seventy-five (75) calendar days of the later of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Defendants' Counsel of (a) complete payment instructions in a customary form reasonably acceptable to Defendants, including the bank name, ABA routing number, and contact information for an individual who can verify settlement payment instructions and (b) a signed Form W-9 providing the tax identification number for the Escrow Account.  For the avoidance of doubt, Defendants shall pay or cause to be paid to the Escrow Account their full respective portions of the Settlement Amount prior to the Settlement Fairness Hearing.

    2.1    Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction for all Settlement Class Claims.  Defendants' sole financial obligation to

Plaintiffs, the Settlement Class Members and Plaintiffs' Counsel under this Stipulation shall be as set forth in § 2.0, and under no circumstances shall Defendants have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. Each Defendant, upon funding of the payment allocated to it in the Supplemental Agreement, shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages whatsoever alleged or incurred by Plaintiff, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the Action and Settlement Class Claims. Defendants and Defendants' Counsel shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained in the Escrow Account or the administration of the Settlement, including without limitation, any responsibility or liability related to any fees, Taxes or Tax Expenses, investment decisions, maintenance, supervision, or distribution of any portion of the Settlement Amount.  All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and other Plaintiff's counsel involved in the Action, and any compensatory award to Plaintiffs as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund without any input from, liability to, or responsibility of, Defendants.  Plaintiffs, Settlement Class Members, and the other Released Plaintiff Parties acknowledge that, as of the Effective Date, the releases and injunctions given herein shall become effective by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

### b.    The Escrow Agent

2.2    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Defendants, Defendants' Counsel, and the other Released Defendant Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c.    Handling and Disbursement of Funds by the Escrow Agent

2.3    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel. Defendants, Defendants' Counsel, and the Released Defendant Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants, Defendants' Counsel and the Released Defendant Parties harmless for any transaction executed by the Escrow Agent.

2.4    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice & Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Upon the Effective Date and thereafter, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Released Defendant Parties.

### d.    Notice & Administration Costs

2.6    At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to $175,000 from the Settlement Fund to pay reasonable and necessary Notice & Administration Costs prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

2.7    Plaintiffs and Plaintiffs' Counsel, Defendants and Defendants' Counsel, and the other Released Parties shall not bear any liability for Notice and Administration Costs.

### e.    Taxes

2.8    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry

out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  The Released Defendant Parties shall have no liability or responsibility whatsoever if it is later determined that the Settlement Fund is a not a "qualified settlement fund."

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice & Administration Costs.

(e)     Defendants, Defendants' Counsel, Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and the other Released Parties shall have no liability or responsibility for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Defendants,

Defendants' Counsel, Plaintiffs, the Settlement Class Members, Lead Counsel, and the other
Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes
payable by reason of any such indemnification).

(f)    The Escrow Agent shall be obligated (notwithstanding anything herein to the
contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay
expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as
well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-
2(l)(2)). Defendants, Defendants' Counsel, Plaintiffs, the Settlement Class Members, Plaintiffs'
Counsel, and the other Released Parties are not responsible therefor, nor shall they have any
liability with respect thereto.

(g)    The Parties agree to cooperate with the Escrow Agent, each other, and their tax
attorneys and accountants to the extent reasonably necessary to carry out the provisions of this
¶ 2.8.

### f.    Termination of Settlement

2.9    Defendants shall, acting collectively, have the right to terminate the Settlement
and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by
providing written notice of their election to do so to Lead Counsel within ten (10) business days
of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect
without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any
material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the
Judgment in any material respect without leave to amend and resubmit; or (d) the date upon
which the Judgment is modified or reversed in any material respect by the Court of Appeals or
the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense

Award to Lead Counsel, or compensatory award to Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10    Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Defendants' Counsel within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) terminate the Settlement; or (b) apply to the Court to enforce the terms of the Settlement and this Stipulation, including by causing the Defendants to fund their respective portions and only such portions of the Settlement Amount as set forth in the Supplemental Agreement, but only if (i) Lead Counsel has first notified Defendants' Counsel in writing of Plaintiffs' intent to terminate or pursue a judgment pursuant to this paragraph, and (ii) the entire Settlement Amount is not deposited in the Escrow Account within thirty (30) business days after Lead Counsel has provided such written notice.  For the avoidance of doubt,

Defendants shall not be jointly and severally liable to Plaintiff or the Settlement Class for the entire Settlement Amount.

2.12    If, before the Settlement Fairness Hearing, any persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Notice, and such persons in the aggregate have purchased a number of Sunlight common stock during the Class Period in an amount greater than the sum specified in the Supplemental Agreement, the Defendants, acting collectively and in their sole discretion, shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises among the Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

2.13    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; or (ii) Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 2.13, 8.2, 8.3, 8.4, 9.1, 9.16);

(b)     The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs pursuant to ¶ 2.6 above, shall be refunded by check or wire transfer within fifteen (15) calendar days to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund in accordance with the instructions to be provided by Defendants' Counsel; and

(c)     The Parties shall revert to their respective positions in the Action prior to April 29, 2024.

**D.     Class Certification**

3.0     For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Plaintiffs as class representatives; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Plaintiffs, with consent of Defendants, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only.  The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

3.1     The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation

24

to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Action becomes null and void *ab initio*, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

> ### E.    Preliminary Approval Order

4.0    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia*, (1) grant preliminary approval to the Settlement; (2) certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

4.1    The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, and a compensatory award to Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2     To assist in the dissemination of the Notice, within ten (10) business days after the Court enters a Preliminary Approval Order, Sunlight shall provide or cause to be provided Sunlight's transfer records concerning the identity of Settlement Class Members, including any names, addresses, and email addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Class Information") to Lead Counsel. Sunlight shall provide or cause to be provided the Class Information at no cost to Plaintiffs or Plaintiffs' Counsel. The Parties acknowledge that any information Defendants provide or cause to be provided to Lead Counsel or the Claims Administrator pursuant to this paragraph shall be used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice.

**F.     Releases**

5.0     The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to Defendants, the other Released Parties, and any and all Released Claims.

5.1     Upon the Effective Date of this Settlement, Plaintiffs, all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund), and all other Released Plaintiff Parties, on behalf of themselves and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

5.2     Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, Defendants and all of the other Released Defendant

Parties, on behalf of themselves and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

5.3     For the avoidance of doubt, nothing in the Judgment shall bar any action by any of the Released Parties to enforce or effectuate the terms of the Settlement.

5.4     Notwithstanding the provisions of ¶¶ 5.1 and 5.2 hereof, in the event that any Released Defendant Party asserts against a Released Plaintiff Party any claim that is a Defendants' Claim, then such Released Plaintiff Party shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Defendant Party in defense of such claim, but not for the purpose of affirmatively asserting any Settlement Class Claim against any Released Defendant Party.

5.5     Notwithstanding the provisions of ¶¶ 5.1 and 5.2 hereof, in the event that any Released Plaintiff Party asserts against any Released Defendant Party any claim that is a Settlement Class Claim, then such Released Defendant Party shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Plaintiff Party in defense of such claim, but not for the purpose of affirmatively asserting any Defendants' Claim against any Released Plaintiff Party.

5.6     The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

G.    **Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1    Defendants and Defendants' Counsel shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs. Any such awards shall be paid solely by the Settlement Fund.

6.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Plaintiffs to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation and the Plan of Allocation.

6.3    After the Effective Date, Lead Counsel, on behalf of Plaintiffs, shall apply to the Court, on notice to Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

28

(i)    Each Settlement Class Member claiming to be an Authorized Claimant

shall be required to submit to the Claims Administrator a completed Proof of Claim,

substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated

therein, including proof of the transactions claimed and the losses incurred thereon, or such other

documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Copies

of all requests for exclusion received shall be sent to Defendants' Counsel and to Lead Counsel

promptly upon receipt by the Claims Administrator and in any event not more than three (3)

calendar days following such receipt. Copies of all written retractions of requests for exclusion

received, shall be sent to Defendants' Counsel and to Lead Counsel within a reasonable time of

receipt by the Claims Administrator and in any event not less than three (3) calendar days prior

to the Settlement Fairness Hearing.

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members

who fail to timely submit a Proof of Claim and Release Form, or who file a Proof of Claim that

is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and

Settlement, but will in all other respects be subject to and bound by the provisions of this

Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any

action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding

the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for

processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court

with respect to the Claimant's claim, and the claim will be subject to investigation and discovery

under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall

be limited to that Claimant's status as a Settlement Class Member and the validity of the amount

of the Claimant's claim.  No discovery shall be allowed of the Claimants, whether on the merits

of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of

Claim.  For the avoidance of doubt, nothing in this Stipulation shall affect Defendants' right to

seek discovery of any Claimants in connection with other matters.

       6.5     Payment pursuant to this Stipulation shall be deemed final and conclusive against

all Claimants.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel,

Defendants, Defendants' Counsel, the other Released Parties, the Claims Administrator, the

Escrow Agent or any other agent designated by Lead Counsel based on distribution

determinations or claim rejections made substantially in accordance with this Stipulation and the

Settlement contained therein, the Plan of Allocation, or further orders of the Court.

       6.6     The Net Settlement Fund shall be distributed to the Authorized Claimants

substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described

in the Notice, and approved by the Court. However, if there is any balance remaining in the Net

Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund

(whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator

under the supervision of Lead Counsel shall, if feasible, reallocate such balance among

Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still

remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may

approve.

       6.7     This is not a claims-made settlement. If all conditions of the Stipulation are

satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to

Defendants or their insurers.

6.8     Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (vi) the payment or withholding of any Taxes and Tax Expenses or (vii) any failure of Notice or failure to identify Settlement Class Members, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants or Defendants' Counsel with respect to the matters set forth in ¶¶ 6.0-6.9 herein.

6.9     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0     Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the

Action; and (c) a compensatory award for Plaintiffs. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1     Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund no later than three (3) business days after the Claims Administrator has issued a first distribution of the Net Settlement Fund, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.  Defendants and the other Released Defendant Parties shall have no responsibility for any payment of attorneys' fees, costs and/or expenses to Plaintiffs' Counsel or any other counsel or Person who receives payment from the Settlement Fund.  Defendants and the other Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action.

7.2     If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3     The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set

forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.  It is understood and agreed that whatever amount is awarded by the Court is within the sole discretion of the Court, and if the award is less than the amount sought, it will not be a basis for setting aside the Settlement.

7.4    For the avoidance of doubt, Defendants and Defendants' Counsel shall have no liability or responsibility for or in connection with the Fee and Expense Award or the attorneys' fees and expenses referenced in this Section H.

**I.    Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)    Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)    The Settlement Amount has been paid into the Settlement Fund in accordance with the allocations set forth in the Supplemental Agreement;

(c)    Defendants have not exercised their option to terminate the Stipulation pursuant to the Supplemental Agreement; and

(d)    Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof. If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall be canceled and terminated subject to ¶ 8.2 herein, unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

8.2    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.9 or 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.6 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defendants' Counsel.

8.3    In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 2.13, 8.2, 8.3, 8.4, 9.1, 9.16 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the

Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice & Administration Costs actually and properly disbursed from the Settlement Fund.  In addition, any expenses already incurred and properly chargeable to Notice & Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶ 8.2.

## J.    Miscellaneous Provisions

9.0     Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to, any claim of any fault or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Defendants have asserted or could assert in the Action or any other action.

9.1     This Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the

Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular shall not be offered or received:

(a)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants.

(b)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants.

(c)    Against any of the Defendants, Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Defendants, Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, Defendants, Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

(d)    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action;

(e)     Against Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

(f)     Against Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Plaintiffs in the Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement. Defendants and the other Released Defendant Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.2     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Plaintiffs, the Settlement Class Members, or the other Released Plaintiff Parties against Defendants, Defendants' Counsel, or any other Released Defendant Parties concerning the Settlement Class Claims, or asserted by Defendants or the other Released Defendant Parties against the Released Plaintiff Parties concerning the Defendant Claims.  Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by the Defendants in bad faith

37

or without a reasonable basis.  The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this Action. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and that the settlement of this Action was reached voluntarily after consultation with experienced legal counsel.

9.3     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.4     Neither Plaintiffs, Settlement Class Members, nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund.  Nor shall it be a basis to

terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and
Expense Application.

9.5    The administration and consummation of the Settlement as embodied in this
Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the
purpose of entering orders providing the Fee and Expense Award to Lead Counsel and enforcing
the terms of this Stipulation.

9.6    The headings used herein are used for the purpose of convenience only and are
not meant to have legal effect.

9.7    All of the Exhibits to this Stipulation are material and integral parts hereof and are
fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a
conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit
attached hereto, the terms of this Stipulation shall prevail.

9.8    This Stipulation may be amended or modified only by a written instrument signed
by or on behalf of all Parties or their respective successors-in-interest.

9.9    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement
constitute the entire agreement among the parties hereto and no representations, warranties, or
inducements have been made to any party concerning this Stipulation, its Exhibits, or the
Supplemental Agreement other than the representations, warranties and covenants contained and
memorialized in such documents.

9.10    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any
related settlement documents on behalf of any party hereto hereby warrants and represents that
such Person has the full authority to do so and that they have the authority to take appropriate
action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

39

9.11     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.12     This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.13     The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.14     Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by mediator Robert A. Meyer.  If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.15     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.

9.16     This Stipulation is deemed to have been prepared by Lead Counsel and Defendants' Counsel, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.17     Whenever this Stipulation requires or contemplates that a Party shall or may give notice to another Party, notice shall be in writing and shall be deemed to have been duly given

upon receipt of overnight courier, emailed PDF, or similar-format electronic document.  Notice shall be provided as follows:

| If to Plaintiffs or Plaintiffs' Counsel, then to: | Laurence Rosen<br>Yu Shi<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Email: lrosen@rosenlegal.com<br>        yshi@rosenlegal.com |
| --- | --- |
| If to Defendants or Defendants' Counsel, then to: | Jeffrey J. Chapman<br>Aaron F. Jaroff<br>MCGUIREWOODS LLP<br>1251 Avenue of the Americas, 20th Floor<br>New York, NY 10020<br>Email:  jchapman@mcguirewoods.com<br>ajaroff@mcguirewoods.com<br><br>-and-<br><br>Michael Holmes<br>Jeffrey Crough<br>VINSON & ELKINS LLP<br>2001 Ross Avenue, Suite 3900<br>Dallas, TX 75201<br>Email: mholmes@velaw.com<br>jcrough@velaw.com |

9.18    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.19    Pending approval of the Court of this Stipulation and final determination whether the Settlement should be approved, all proceedings in the Action shall be stayed and (i) Plaintiffs, all Settlement Class Members, and all other Released Plaintiff Parties shall be barred and enjoined from prosecuting any of the Settlement Class Claims against Defendants or any other Released

Defendant Parties; and (ii) Defendants and any other Released Defendant Parties shall be barred and enjoined from prosecuting any of the Defendant Claims against Plaintiff, any Settlement Class Member, or any other Released Plaintiff Parties.

9.20    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated December 12, 2024.

Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

*Lead Counsel for Plaintiffs and the Settlement Class*

Jeffrey J. Chapman
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020

*Counsel for Defendants Sunlight Financial Holdings, Inc.*
*f/k/a Spartan Acquisition Corp. II, Matthew Potere,*
*Barry Edinburg, and Rodney Yoder*

Jeffrey Crough
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, TX 75201

*Counsel for Defendants Geoffrey Strong, James
Crossen, Olivia Wassenaar, Wilson Handler,
Christine Hommes, Joseph Romeo, and Spartan
Acquisition Sponsor II LLC*