# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, <br><br> Defendants. | Case No.: 1:22-cv-10658-AKH <br><br><br> CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the 10th day of December, 2024, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation of Settlement dated August 8, 2024 (ECF No. 113-4) are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

The Parties having submitted a revised Stipulation of Settlement, dated December 12, 2024 (the "Stipulation") pursuant to the Court's order at the December 10, 2024 hearing; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order")

(ECF No. 114) was provided to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.    The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3.    The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities who: (a) purchased the publicly traded common stock of Sunlight between January 25, 2021 and September 28, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the common stock of Spartan Acquisition Corp. II ("Spartan") as of June 1, 2021 and were eligible to vote at Spartan's July 8, 2021 special meeting.  Excluded from the Settlement Class are: (a) Defendants and their families, the officers, directors and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; (b) persons and entities who suffered no compensable losses; and (c) persons and entities who submit valid requests for exclusion from the Settlement Class.

4. Pursuant to Rule 23 of the Federal Rule of Civil Procedure, for purposes of this Settlement, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Settlement Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved

in all respects, and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Stipulation.

7. The Complaint is hereby dismissed with prejudice as to Defendants. The Parties shall bear their own costs and expenses, except as and to the extent provided in the Stipulation and herein.

8. In accordance with the terms of the Stipulation, each of the Released Plaintiff Parties hereby forever releases, relinquishes, and discharges all Released Defendant Parties from all Settlement Class Claims. The Released Plaintiff Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settlement Class Claims against any of the Released Defendant Parties.

9. In accordance with the terms of the Stipulation, each of the Released Defendant Parties hereby forever releases, relinquishes, and discharges all Released Plaintiff Parties from all Defendant Claims. The Released Defendant Parties, and anyone acting or purporting to act for any of them, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Defendant Claims against any of the Released Plaintiff Parties.

10. Paragraphs 8 and 9 above do not, however, bar any of the Released Parties from bringing an action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

11.     The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

12.     In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Released Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to Plaintiffs or the Settlement Class, are hereby permanently barred and discharged.  Any such claims brought by any of the Defendants against any Person or entity (other than Persons or entities whose liability to Plaintiffs or the Settlement Class is extinguished by this Order and Final Judgment) are likewise permanently barred and discharged, provided, however, that nothing in this Order and Final Judgment shall apply to bar or otherwise affect any claim, demands, rights, causes of action, liabilities, or defenses (a) between Defendants and their insurers; or (b) by or on behalf of any of the Defendants in connection with or arising out of the matter captioned *McCants, et al. v. Strong, et al.,* C.A. No. 2023-0694-PAF (Del. Ch.) (the "Delaware Action").

13.     In the event any Settlement Class Member (including any Plaintiff) seeks to recover damages or any other form of monetary relief ("Damages") from any Person based upon claims that arise out of, or relate in any way to, the Released Claims, the Settlement Class Member shall give such person or entity the benefit of judgment reduction or offset equal to the greater of: (1) the amount of recovery obtained by the Settlement Class Member in connection with the Settlement; or (2) the amount of recovery the Settlement Class Member was eligible to obtain in connection with the Settlement.

14.     The Court finds that the Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)     referred to or used against the Defendants or against Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b)     construed against Defendants or against Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)     construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d)     used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16.     Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make with respect to the proposed Plan of Allocation or on Lead Counsel's application for an award of attorneys' fees and expenses and/or case contribution awards to Plaintiffs.

20.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated.  The terms and conditions of the Stipulation shall govern any termination or the effect of any termination thereof.


Dated: _____                    _____
                                           HONORABLE ALVIN K. HELLERSTEIN
                                           UNITED STATES DISTRICT JUDGE