**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    -against-<br><br>SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC,<br><br>    Defendants. | Case No.: 1:22-cv-10658-AKH<br><br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING DISTRIBUTION OF CLASS ACTION**
**SETTLEMENT FUNDS**

Having considered all materials and arguments submitted in support of Plaintiffs' Motion for Distribution of Class Action Settlement Fund (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Margery Craig Concerning the Results of the Claims Administration Process (the "Craig Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    This Class Distribution Order incorporates by reference the definitions in the Stipulation of Settlement dated August 8, 2024 (the "Stipulation") (ECF No. 113-4).  All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Craig Declaration.

1

3.       As set forth in in the Craig Declaration, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Craig Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Craig Declaration are approved.

4.       Any person submitting Claims received after January 17, 2025, and any responses to rejected or deficient Claims received after July 28, 2025, the date used to finalize the administration by SCS, are finally and forever barred from asserting such Claims.

5.       The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Craig Declaration.  The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

6.       The distribution plan for the Net Settlement Fund as set forth in the Craig and accompanying exhibits is approved.  The balance of the Net Settlement Fund shall be distributed to Authorized Claimants.  The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 90 DAYS AFTER ISSUE DATE."  Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.  Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Craig Declaration will irrevocably forfeit all recovery from the Settlement.

7.      SCS shall submit periodic reports to the Court in accordance with the Court's Order Appointing Claims Administrator and Requiring Periodic Reports by Claims Administrator (ECF No. 115).

8.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

9.      SCS is hereby ordered to discard paper or hard copies of claims and all supporting documents no less than one year after distribution of the Net Settlement Fund, and electronic copies of the same no less than 1 year after all funds in the Settlement Fund are distributed.

10.     This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: _____, 2025

_____
The Honorable Alvin K. Hellerstein
United States District Court Judge

3