**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MILLUNCHICK and MIKE MARGENT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> SUNLIGHT FINANCIAL HOLDINGS, INC. f/k/a/ SPARTAN ACQUISITION CORP. II, MATTHEW POTERE, BARRY EDINBURG, RODNEY YODER, GEOFFREY STRONG, JAMES CROSSEN, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, and SPARTAN ACQUISITION SPONSOR II LLC, <br><br> Defendants. | Case No.: 1:22-cv-10658-AKH <br><br> <u>CLASS ACTION</u> |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**<u>DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS</u>**

## I.    INTRODUCTION

On August 15, 2024, the Court entered the Order Granting Plaintiffs' Motion for Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 114).

On December 16, 2024, the Court entered the Order and Final Judgment ("Final Judgment") (ECF No. 130).

The Court-appointed Claims Administrator,[1] Strategic Claims Services ("SCS"), has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Margery Craig Concerning the Results of the Claims Administration Process ("Craig Decl.") ¶¶6-7.

Accordingly, the Net Settlement Fund is ready to be distributed to Authorized Claimants. Thus, Plaintiffs, by and through Lead Counsel, respectfully request that the Court authorize the distribution of the Net Settlement Amount to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all Claims were to be submitted to the Claims Administrator, online or postmarked no later than November 19, 2024. Preliminary Approval Order ¶19.  The Claims Administrator has now finalized its determination of which Claims are authorized and which are ineligible. Craig Decl. ¶7.

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation of Settlement dated August 8, 2024 (ECF No. 113-4).

### A. Properly Documented Claims

SCS identified 4,824 properly documented claims that were received on or before January 17, 2025. Craig Decl. ¶7(a). Of these valid claims, 485 were filed after the filing deadline. *Id.* SCS accepted these valid claims. To enable as many Settlement Class Members as possible to participate, Plaintiffs respectfully request that this Court accept these otherwise valid claims that SCS received after the November 19, 2024 deadline but before January 17, 2025, because none has caused a delay to the distribution of the Net Settlement Fund to the Settlement Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 4,824properly documented claims as listed in Exhibits B-1 and B-2 of the Craig Decl.

### B. Deficient and Ineligible Claims

SCS identified that 18 potential claimants inadequately documented their claims. Craig Decl. ¶7(b). For each such inadequately documented claim it received, SCS sent the potential claimants inadequacy notices, advising them of the deficiency and affording them the opportunity to cure the deficiency. *Id.* Of the 18 claims SCS initially identified as deficient, 7 have successfully cured the deficiencies. *Id.* SCS now includes those Settlement Class Members as Authorized Claimants. *Id.* Each of the remaining 11 deficient claimants either failed to respond

to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their rejection. *Id.* To date, none of these 11 inadequate claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 9,004 claims that it has recommended for complete rejection. Craig Decl. ¶7(c). Included in this category are, *inter alia*, claims with shares purchased outside of the Class Period, claims with no Recognized Losses, claims for other securities, claims with shares sold short, duplicate claims, etc. *Id.* Such claimants were sent rejection notices advising them of SCS's final determination. *Id.* To date, none of the ineligible claimants have contested SCS' final determination of ineligibility. *Id.*

## III.   DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Craig Decl. ¶9(a).  Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments distributed to Settlement Class Members who filed valid Claims will not be cashed promptly.  To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 90 DAYS AFTER ISSUE DATE."  *Id.* ¶9(b).

Following the initial distribution, SCS will submit periodic reports to the Court in accordance with the Court's Order Appointing Claims Administrator and Requiring Periodic Reports by Claims Administrator. (ECF No. 115).

## IV.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request the Court to release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to the terms of the Distribution Order.  *See In re Patriot National*, 2021 WL 1040462, at *2; *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).[2]

## V.  RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully request the Court order that: (a) in no less than one (1) year after distributions of the Net Settlement Fund, the Claims Administrator may destroy the paper copies of Claims Forms and all supporting documentation; and (b) in no less than one (1) years after all

---

[2] *See also In re Miva, Inc.*, 2015 WL 12834962, at *2 (M.D. Fla. Sept. 23, 2015); *In re Friedman's, Inc. Sec. Litig.*, 2009 WL 10671836, at *2 (N.D. Ga. July 23, 2009).

funds have been distributed, the Claims Administrator may destroy electronic copies of the Claim

Forms and all supporting documentation.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court enter the Class

Distribution Order submitted herewith, so that Settlement Class Members who submitted valid

claims may receive their *pro rata* share of the Net Settlement Fund.


Dated:  July 31, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
By: */s/ Yu Shi*
Laurence Rosen
Yu Shi
275 Madison Ave, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Plaintiffs and the Settlement
Class*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Memorandum of Law was prepared using Microsoft Word and contains 1,382 words, which does not exceed the word limit imposed by Local Rule 7.1(c).


*/s/ Yu Shi*
Yu Shi